FITZGERALD, Plaintiff in error, v. STATE, Defendant in error. [Case No. 76–471–CR.]

McCURTY, Plaintiff in error, v. STATE, Defendant in error. [Case No. 76–087–CR.]

*Nos. 76–471–CR, 76–087–CR. Submitted on briefs October 5, 1977. —Decided November 30, 1977.*
(Also reported in 259 N.W.2d 743.)

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Ronald L. Brandt,* deputy state public defender.

For defendant in error: *Bronson C. La Follette*, attorney general, and *John M. Schmolesky*, assistant attorney general. [Case No. 76–471–CR.]

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg*, state public defender, and *Richard M. Slas*, assistant state public defender.

For defendant in error: *Bronson C. La Follette*, attorney general, and *John M. Schmolesky*, assistant attorney general. [Case No. 76–471–CR.]

DAY, J.   Both of these cases involve the question of whether *Klimas v. State*, 75 Wis.2d 244, 248, 249 N.W.2d 285 (1977), requiring the crediting of pre-sentence incarceration time due to indigency, should be made retroactive.[1]   We hold that it should.

In both these cases motions for credit for pre-sentence time served in jail, because of inability to post bond, were denied.   Both of these cases arose prior to this court's mandate in *Klimas*.

On January 29, 1975, Ray Charles McCurty pled guilty to armed robbery and on February 28, 1975, was sentenced to five years imprisonment.   On July 1, 1975, he made a motion under sec. 974.06, Stats. for credit for 114 days spent in pre-sentence confinement.   The motion was denied and a writ of error was taken.   The public defender filed a report that based on this court's holding in *Byrd v. State*, 65 Wis.2d 415, 222 N.W.2d 696 (1974), appellate review of the denial of the motion was without merit.

---

[1] The attorney general contends that this issue is moot as to Mr. McCurty and Dianne Fitzgerald because they have been administratively credited for their presentence jail time by the Department of Corrections.   Nevertheless, this court may retain an appeal for determination if it involves questions of public interest, even if it has become moot as to the particular parties involved. *Carlyle v. Karns*, 9 Wis.2d 394, 101 N.W.2d 92 (1960); *Mueller v. Jensen*, 63 Wis.2d 362, 366, 367, 217 N.W.2d 277 (1974).

On January 23, 1977, this court questioned the public defender's no merit report and asked that office to consider whether the holding in *Klimas, supra,* should be applied retroactively in light of *Johnson v. Prast,* 548 F.2d 699 (7th Cir. 1977).[2]

Dianne Fitzgerald was in jail from August 21, 1975 to the date of her sentence, December 19, 1975, 120 days total. She pled guilty to two counts of armed robbery, party to a crime, and to operating a motor vehicle without the owner's consent, party to a crime. She was sentenced to fifteen years on the first count of armed robbery and to ten years consecutive to the first sentence on the second count of armed robbery. The latter sentence was stayed and she was placed on ten years consecutive probation. She received a one year sentence for operating a motor vehicle without the owner's consent, to run concurrently with the fifteen year sentence. Her motion for credit for 120 days, because of incarceration due to indigency, was denied on January 15, 1976. She pursued a writ of error to review the denial of the motion.

*Klimas, supra,* held that henceforth and in that case all pre-sentence confinement because of indigency must be applied toward the diminution of the sentence imposed. That result was required by the equal protection clause of the fourteenth amendment.

This court went on to point out in *Klimas* at 75 Wis.2d 252, that the trial judge should ascertain the number of days the defendant has been held in custody prior to sentencing and then sentence the defendant for the gross

---

[2] The latter case held that ". . . the equal protection clause requires consideration by the sentencing judge of pre-sentence custody resulting from inability to post bond," whether or not the sentence plus pre-sentence jail time exceeds the statutory maximum. *Johnson* at 548 F.2d 702.

amount the judge concludes is appropriate. The judge should then make a separate finding that the defendant had, because of indigency, been obliged to remain in custody for an ascertained period and that such period of time be deemed time served in partial satisfaction of the sentence and credited against that sentence.

We conclude that the holding in *Klimas* should be made retroactive. The United States Supreme Court in *Stovall v. Denno,* 388 U. S. 293, 296, 297, 87 S. Ct. 1967, 18 L. Ed.2d 1199 (1967) stated that when constitutional standards are applied in criminal cases,

"The court may in the interests of justice make the rule prospective where the exigencies of the situation require such an application."

The criteria to determine whether a new rule should be retroactively applied are: (1) the effect of the new rule on the fact finding process; (2) the extent of reliance by law enforcement authorities on the old standards; and (3) the effect on the administration of justice of a retroactive application of the new standards.

We find that retroactively applying *Klimas* will have no effect on the integrity of the fact finding process. Second, there has been no reliance by law enforcement officers on the status of the law prior to *Klimas*. Third, the administration of justice will not be adversely affected because crediting of pre-sentence jail time can easily be done by the Division of Corrections upon verification by the county of conviction of the pre-sentence incarceration and the reasons therefore. If the facts are not clear, a hearing can be held before the judge in the case to make a determination as to whether or not there was pre-sentence incarceration and if the reason for incarceration was the financial inability of the defendant to meet the bail requirement.

We hold that all pre-sentence confinement due to indigency, prior to the date of the *Klimas* mandate, January 18, 1977, must be credited to the time being served unless the record shows that the sentencing judge specifically credited the pre-sentence jail time at sentencing.

In both the cases before us, it is clear that the trial judge made no specific mention in the original sentence regarding pre-sentence confinement and that no credit was given in the sentence imposed.

*By the Court.*—In case No. 76–087–CR, order reversed and case remanded for further proceedings consistent with this opinion.

In Case No. 76–471–CR, order reversed and case remanded for further proceedings consistent with this opinion.