IN the INTEREST OF N.E., a child under the age of eighteen: N.E., Appellant,

v.

WISCONSIN DEPARTMENT OF HEALTH & SOCIAL SERVICES, Respondent.

Supreme Court

*No. 83–1872. Argued October 31, 1984.— Decided January 31, 1985.*

(Also reported in 361 N.W.2d 693.)

For the appellant there were briefs by *Margaret A. Maroney* and *Donna L. Hintze,* assistant state public defenders, and oral argument by *Ms. Maroney.*

For the respondent the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

WILLIAM A. BABLITCH, J. N.E. appeals a dispositional order entered in a juvenile proceeding which adjudicated him delinquent. The sole issue on appeal is whether the court commissioner erred in accepting defense counsel's withdrawal of the juvenile's demand for a jury trial in the absence of a personal withdrawal, in writing or in open court on the record, from the juvenile. We hold that as a matter of judicial administration, a

juvenile's statutory right to a jury trial, once demanded, must be withdrawn personally, by the juvenile, either in writing or on the record in open court. Because the court commissioner failed to do so, we reverse.

On March 31, 1983, a delinquency petition was filed against N.E., alleging that he was delinquent because he committed the misdemeanor crimes of battery, contrary to sec. 940.19(1), Stats., and retail theft, contrary to sec. 943.50(1) and (4)(a). Another delinquency petition was pending against N.E. at the time, and had been set for jury trial on April 4, 1983. The court removed this jury trial date from its calendar when the new charges were filed, and scheduled a pretrial conference to discuss both petitions. On April 6, 1983, an initial appearance was held before Judge Leander J. Foley, Jr. on the March 31st petition. The juvenile appeared with his attorney and informed the court that he was pleading not guilty. The court entered both a not guilty plea and a demand for jury trial, and set the matter for pretrial conference.

On April 13, 1983, the pretrial conference was held on the record before Court Commissioner Anthony J. Machi. The following discussion was held concerning the jury trial:

"THE COURT: Yes. has there been a jury demand on these matters?
"MR. SPALATIN: On 4/6 I have an indication that there was. Do you want a jury trial or court trial on this?
"MR. VAN SKIKE: You still want the jury, right?
"THE JUVENILE: Yeah, jury.
"MR. VAN SKIKE: Jury.
"THE COURT: There was a jury previously set. We can set it for the 25th.
"MR. VAN SKIKE: Okay."

Later that day, the case was recalled. Defense counsel appeared without the juvenile present. The court com-

missioner inquired: "Counsel, you made a request to have this case recalled?" Defense counsel replied:

"Yes, I spoke to Mr. [E.], and he would like to withdraw his request for a jury and set it for a trial to the Court. Since he's in detention and has other charges pending, there is no need for a speedy trial within the 20-day time limits, and we'll waive that."

The court commissioner set the case for trial before Judge Michael T. Sullivan on May 6, 1983. N.E. was found guilty and adjudged delinquent. N.E. appealed to the court of appeals which in turn, certified the case to this court. We accepted certification.

The court of appeals, in its certification memo, framed the issue on appeal as whether a juvenile's waiver of his or her right to a jury trial must be made personally and on the record. However, the facts of this case do not present precisely that question. In the present case, a jury demand was entered, which counsel for the juvenile subsequently withdrew after the pretrial hearing. Section 48.30(2), Stats., and sec. 48.31(2) provide that the right to a jury trial is waived if an affirmative demand is not made by the end of the plea hearing. Under this statutory scheme, inaction results in waiver while affirmative action preserves the jury right. Therefore, having taken the affirmative action required by sec. 48.30(2) and sec. 48.31(1), N.E. preserved his statutory right to a jury trial. The correct question on appeal, therefore, is whether the court commissioner erred in accepting defense counsel's withdrawal of the juvenile's demand for a jury trial in the absence of the juvenile's personal withdrawal, in writing or on the record in open court. We hold that a juvenile's right to a jury trial is neither a federal nor a state constitutional right and is strictly a statutory, non-fundamental right. Nonetheless, we hold, in the interest of judicial administration, that

once a juvenile invokes his or her statutory right to a jury trial, this right must be withdrawn personally by the juvenile, either in writing or on the record in open court. The court must then determine that the juvenile's withdrawal was knowing and voluntary.

The parties are in agreement that there is no federal constitutional right to a jury trial in the adjudicative phase of a juvenile delinquency proceeding. This is the clear holding of the United States Supreme Court in *McKeiver v. Pennsylvania*, 403 U.S. 528 (1971): "Despite all these disappointments, all these failures, [of the juvenile court concept] and all these shortcomings, we conclude that trial by jury in the juvenile court's adjudicative stage is not a constitutional requirement." *Id.* at 545.

N.E. argues that in Wisconsin a juvenile has a constitutional right to a jury trial in the adjudicatory phase of a juvenile delinquency proceeding, guaranteed through Art. I., sec. 5 and the due process clause of the Wisconsin Constitution. From this, N.E. argues that the procedures required for the waiver of an adult defendant's constitutional right to a jury trial must be applied to the juvenile's withdrawal of his or her right to a jury trial. Thus, according to N.E., the right to a jury trial may only be withdrawn by the juvenile's personal, knowing and voluntary withdrawal, which must appear on the record. N.E. further argues that regardless of whether the juvenile's right to a jury trial is a constitutional or statutory right, it is a fundamental one, and that therefore the personal, knowing and voluntary waiver requirements must be applied. It must be noted that neither the Wisconsin Department of Health and Social Services, nor N.E. distinguish between waiver and withdrawal of the jury trial right. We conclude that their arguments were intended to apply to the issue of withdrawal of the right to a jury trial, once demanded, since the facts presented

to this court by the parties deal exclusively with the issue
of withdrawal.

We find no merit in N.E.'s argument that the juvenile
is guaranteed a right to a jury trial in the adjudicatory
phase of a juvenile delinquency proceeding through Art.
I., sec. 5 of the Wisconsin Constitution. This section is
set forth below.[1] The right preserved in Art. I., sec. 5
of the Wisconsin Constitution is simply the right as it
existed at the time of the adoption of constitution in
1848. *Upper Lakes Shipping v. Seafarers' I. Union,* 23
Wis. 2d 494, 503, 128 N.W.2d 73 (1964). Juvenile de-
linquency proceedings did not exist at the time the
constitution was adopted and thus, no right to a jury
trial in delinquency proceedings could have been pre-
served. *See generally* Larson, *Development of the Law
in Wisconsin in the Area of Juvenile Delinquency,* 59
Marq. L. Rev. 251 (1976). *Accord, In re Fucini,* 255
N.E.2d 380, 382 (Ill. 1970), *app. dismissed,* 403 U.S. 925
(1971); *Commonwealth v. Johnson,* 211 Pa. Super. 62,
234 A.2d 9, 11–12 (1967). *See also In Interest of John-
son,* 257 N.W.2d 47, 51–54 (Iowa 1977) (J. McCormick
concurring specially); *Contra In the Matter of Javier
Cabral A.,* 2nd Crim. No. 43708, California Court of
Appeals, Second Appellate District, Division Seven (Slip
opinion, August 31, 1984).

We rely on our prior holdings in *State v. Scholl,* 167
Wis. 504, 167 N.W. 830 (1918), and *Wisconsin Industrial
School for Girls v. Clark County,* 103 Wis. 651, 79
N.W. 422 (1899), to reject N.E.'s alternate argument
that the juvenile is guaranteed a due process right to a

[1] Article I, sec. 5, provides in part:
"The right of trial by jury shall remain inviolate, and shall
extend to all cases at law without regard to the amount in
controversy; but a jury trial may be waived by the parties in
all cases in the manner prescribed by law."

jury trial in delinquency proceedings. *Accord McKeiver; State v. Lawley,* 91 Wash. 2d 654, 591 P.2d 772, 773 (1979) ; *In Interest of Johnson* at 49–50; *State v. Gleason,* 404 A.2d 573, 583–85 (Me. 1979) ; *In re Fucini* at 381–82; *In re McCloud,* 293 A.2d 512, 514–16 (R.I. 1972). To the contrary are *RLR v. State,* 487 P.2d 27 (Alaska 1971) ; *Peyton v. Nord,* 437 P.2d 716 (N.M. 1968) ; *Arwood v. State,* 463 S.W.2d 943 (Tenn. 1971).

It is clear, as the parties agree, that a juvenile does possess a statutory right to a jury trial in the adjudicatory phase of a delinquency proceeding. Section 48.30 (2), Stats. provides in part:

"(2) At the commencement of the hearing under this section the child and the parent, guardian or legal custodian shall be advised of their rights as specified in s. 48.243 and shall be informed that a request for a jury trial or for a substitution of judge must be made before the end of the plea hearing or be waived. . . ."

Section 48.31 (2), Stats., provides in part:

"(2) The hearing shall be to the court unless the child, parent, guardian or legal custodian exercises the right to a jury trial by demanding a jury trial at any time before or during the plea hearing. Chapters 756 and 805 shall govern the selection of jurors except that ss. 972.03 and 972.04 shall apply in cases in which the juvenile is alleged to be delinquent under s. 48.12."

These sections provide the juvenile with a right to a jury trial in the adjudicatory phase of a delinquency proceeding if that right is demanded before the end of the plea hearing. By providing a jury trial solely upon the juvenile's affirmative request, rather than upon his or her nonaction, the legislature achieved a proper accommodation of the somewhat conflicting values of providing a right to a jury and ensuring the juvenile's right to privacy. Note, *Waiver in the Juvenile Court,* 68 Colum. L. Rev. 1149, 1165 (1968). However, the problem presented here is that the legislature failed to

establish a procedure for withdrawal of the jury trial demand once the right has been invoked.

N.E. argues that even if the juvenile's right to a jury trial is strictly statutory, and not constitutional, it is a fundamental right which may only be withdrawn by a personal, knowing and voluntary withdrawal. N.E. urges this to apply the requirements of *Krueger v. State,* 84 Wis. 2d 272, 267 N.W.2d 602 (1978), and the statutory requirement of sec. 972.02(1), Stats., set forth below,[2] to a juvenile's withdrawal of his or her demand for a jury trial. We decline to do so.

In *Krueger,* this court held that the record must demonstrate that a criminal defendant's waiver of a jury trial is knowing and voluntary. *Krueger* at 282. This court specifically rejected the presumption that a defendant's silence in the face of his or her attorney's waiver of the right to a jury trial is an expression of the defendant's knowing and voluntary intent to waive this right. *Id.* at 281.

In considering the issue of waiver of rights, "[t]his court and other courts have characterized certain rights as fundamental and have held that the law takes particular pains to ensure that the decision to waive those rights is that of the defendant." *In Interest of T.R.B.,* 109 Wis. 2d 179, 197–98, 325 N.W.2d 329 (1982) (citing *State v. Albright,* 96 Wis. 2d 122, 129–30, 291 N.W.2d 487 (1980)). Fundamental rights are those very basic constitutional rights which are " '. . . fundamental to the concept of fair and impartial decision making.' " *State v. Neave,* 117 Wis. 2d 359, 369, 344 N.W.2d 181 (1984)

---

[2] "972.02 Jury trial; waiver. (1) Except as otherwise provided in this chapter, criminal cases shall be tried by a jury of 12, drawn as prescribed in ch. 805, unless the defendant waives a jury in writing or by statement in open court, on the record, with the approval of the court and the consent of the state." It is not clear whether N.E. is advocating permitting the state to refuse to assent to the juvenile's waiver of the jury trial.

(*quoting Albright* at 130). The trial court has a "serious and weighty responsibility" to determine on the record, "whether there is an intelligent and competent waiver by the accused" when a defendant attempts to waive fundamental rights. *In Interest of T.R.B.* at 198 (*quoting Johnson v. Zerbst,* 304 U.S. 458, 465 (1937)).

In *Albright,* this court recognized that the decision whether to plead guilty, the decision whether to request a trial by jury in a criminal case, the decision whether to appeal, the decision whether to forego the assistance of counsel, and the decision whether to obtain the assistance of counsel and to refrain from self-incrimination are rights which are so fundamental that they are deemed to be personal rights which must be waived personally by the defendant. *Albright* at 129–30.

In contrast to those rights which are so fundamental that waiver must be done personally are rights which may be waived by a lawyer on a defendant's behalf. In *Interest of T.R.B.* at 199. The decisions not to cross-examine witnesses, not to challenge evidence, and not to present evidence are generally viewed as tactical decisions which may be made by the lawyer.[3] *Id. See,* 1 ABA Standards for Criminal Justice, The Defense Function, sec. 4–5.2 (2d ed. 1980) ; IJA-ABA Juvenile Justice Standards, *Standards Relating to Pretrial Court Proceedings,* sec. 6.2, commentary at 106 (1980). Similarly in *Albright,* this court held that the defendant's right to testify may be waived by defense counsel in the absence of the defendant's express disapproval on the record

---

[3] We hasten to note that "[b]ecause these decisions require the skill, training, and experience of the advocate, the power of decision on them must rest with the lawyer, but that does not mean that the lawyer should completely ignore the client in making them. The lawyer should seek to maintain a cooperative relationship at all stages while maintaining the ultimate choice and responsibility for the strategic and tactical decisions in the case." 1 ABA Standards for Criminal Justice, The Defense Function, sec. 4–5.2, commentary at 68 (2d ed. 1980).

during the pretrial or trial proceedings. *Albright* at 133.

There is ample authority, cited below,[4] for both the proposition that a juvenile's right to a jury trial is a fundamental one and for the proposition that a juvenile's right to a jury trial is not a fundamental right. We are not convinced, having determined that a juvenile possesses neither a federal nor state constitutional right to a jury trial, that a juvenile's right to a trial by jury is a fundamental one. While the legislature chose to afford the juvenile this important procedural safeguard, we conclude that the juvenile's right to a jury trial is not one of those basic rights which is " '. . . fundamental to the concept of fair and impartial decision making' ". *Neave* at 369. We therefore conclude that the procedures re-

---

[4] For the proposition that a juvenile's right to a jury trial is a fundamental right *see* IJA–ABA Juvenile Justice Standards, Standards Relating to Adjudication, sec. 4.1 and sec. 6.1, commentary at 100 (1980); Comment, *Jury Trials for Juveniles: Rhetoric and Reality*, 8 Pacific L.J. 811, 813–15 (1977); McLaughlin & Whisenand, *Jury Trial, Public Trial and Free Press in Juvenile Proceedings: An Analysis and Comparison of the IJA/ABA, Task Force and NAC Standards*, 46 Brooklyn L. Rev. 1 (1979); Kaufman, *Protecting the Rights of Minors: On Juvenile Autonomy and the Limits of Law*, 52 N.Y.U. L. Rev. 1015, 1026–28 (1977). *See also* Wisconsin Council on Criminal Justice, Juvenile Justice Standards and Goals, subgoal No. 1213, 87–88 (1976).

*See* the following for the proposition that a juvenile's right to a jury trial is not a fundamental one. U.S. Department of Justice, Law Enforcement Assistance Administration, National Institute .for Juvenile Justice and Delinquency prevention, *Report of the Advisory Committee to the Administrator on Standards for the Administration of Juvenile Justice, Standards on Adjudication, General Implementation Plan* (1976); National Advisory Committee on Criminal Justice Standards and Goals, *Juvenile Justice and Delinquency Prevention, Report of the Task Force on Juvenile Justice and Delinquency Prevention* (1976); Smith, *Turning Point for Juvenile Justice: Are Jury Trials Really Essential?*, 2 J. Juv. L. 1 (1978).

quired for the waiver of fundamental rights do not apply, as a matter of right, to the juvenile's withdrawal of his or her right to a jury trial.

Nonetheless, because the legislature did not establish a procedure for withdrawal of the jury trial demand once the right has been invoked, this court has the power to "fashion an adequate remedy". *In Interest of D.H.*, 76 Wis. 2d 286, 294, 251 N.W.2d 196 (1977) (*quoting Hortonville Ed. Asso. v. Joint Sch. Dist. No. 1,* 66 Wis. 2d 469, 497, 225 N.W.2d 658 (1975)). We hold, as a matter of judicial administration, that once a juvenile has made a demand for a jury trial, the following procedural safeguards must be afforded to the juvenile to ensure that the juvenile's withdrawal of his or her jury demand is made knowingly and voluntarily. *See Neave* at 365. The juvenile must withdraw his or her demand for a jury trial personally. This withdrawal may not be made by the juvenile's attorney, regardless of whether the juvenile is or is not present. The juvenile may withdraw his or her jury trial demand in writing and must file this writing with the court. The writing must state that the juvenile has made made this decision knowingly and voluntarily after receiving the advice of counsel. The juvenile may also withdraw his or her demand for a jury trial in open court, at which time the court must address the juvenile personally, on the record, in order to ensure that the juvenile's withdrawal of the jury demand is knowing and voluntary. *See* IJA–ABA Juvenile Justice Standards, *Standards Relating to Pretrial Court Proceedings,* sec. 6.1, sec. 6.2, and sec. 6.4 (1980).

It is entirely appropriate to afford additional procedural safeguards to the juvenile, once the juvenile has exercised the statutory right to demand a jury trial. We have recognized that it is "wholly unreasonable" to expect an adult defendant to contradict his or her attorney's waiver of his or her jury trial right. *Krueger* at

281. We find, as the literature bears out, that it is even more unreasonable to expect a juvenile to contradict his or her attorney's withdrawal of this right. *See* Lawrence, *The Role of Legal Counsel in Juveniles' Understanding of Their Rights,* 34 Juv. Fam. Ct. J. No. 4, 45 (Winter 1983–84) (juveniles are less likely than adults to assert their rights).

The final question we must address is whether the rule announced in this case is to be applied retroactively or prospectively only. In considering the question of retroactive or prospective application of rules which afford the juvenile additional procedural safeguards, this court has considered whether comparable procedural safeguards afforded to the adult criminal defendant have been given retroactive or prospective application. *See State ex rel. La Follette v. Circuit Court,* 37 Wis. 2d 329, 155 N.W.2d 141 (1967). We conclude that while a juvenile delinquency proceeding is civil in nature, it is appropriate to apply the same criteria used by this court and the United States Supreme Court for determining whether a new rule of criminal procedure should be applied retroactively. These criteria are: (1) the effect of the new rule on the fact finding process; (2) the extent of reliance by law enforcement authorities on the old standards; and (3) the effect on the administration of justice of a retroactive application of the new standards. *Neave* at 376; *State v. Wisumierski,* 106 Wis. 2d 722, 729, 317 N.W.2d 484 (1982). (Citing *Fitzgerald v. State,* 81 Wis. 2d 170, 174, 259 N.W.2d 743 (1977)). The effect of the new rule on the fact finding process is the most important of the criteria. *Neave* at 376.

We conclude that our decision should not be given retroactive effect. While requiring the juvenile to withdraw his or her jury demand in writing or requiring the court to address the juvenile personally to ensure that

his or her withdrawal is knowing and voluntary may enhance the fact-finding process, "[t]his is not a rule [that] affect[s] 'the very integrity of the fact-finding process' and avert[s] 'the clear danger of convicting the innocent.' *Johnson v. New Jersey,* 384 U.S. 719, 727–728 (1966) (citation omitted)." *Neave* at 376. As the Supreme Court noted in *McKeiver* "one cannot say that in our legal system the jury is a necessary component of accurate fact-finding. There is much to be said for it, to be sure, but we have been content to pursue other ways for determining facts." *McKeiver* at 543. The Supreme Court in *DeStefano v. Woods,* 393 U.S. 631 (1968), held that there was no retroactive application of *Duncan v. Louisiana,* 391 U.S. 145 (1968). *Duncan* provided the defendant, through the fourteenth amendment, the right to an impartial jury "[i]n all criminal cases which—were they to be tried in federal court—would come within the Sixth Amendment's guarantee." *Id.* at 149. We therefore hold that the rule announced in this case is to be prospective only, except as to N.E. and to any other cases where the issue is presently on appeal or incorporated in a motion for a new trial.

*By the Court.*—The order of the trial court is reversed.