IN the MATTER OF S.B., Alleged to be Mentally Ill: S.B., Appellant,

v.

RACINE COUNTY, Respondent.

Supreme Court

*No. 85–2350. Argued February 19, 1987.—Decided June 1, 1987.*

(On certification from the court of appeals.)

(Also reported in 406 N.W.2d 408.)

For the appellant there were briefs in the Court of Appeals by *Ellen Pearlman,* assistant state public defender and oral argument by *Patricia Flood,* assistant state public defender.

For the respondent there was a brief in the Court of Appeals by *James T. McMahon,* assistant corporation counsel and oral argument by *Thomas Van Heest,* assistant corporation counsel, Racine.

SHIRLEY S. ABRAHAMSON, J. This is an appeal from an order of the circuit court for Racine county, Judge Wayne J. Marik, committing S.B. for six months. This court took jurisdiction of the appeal upon certification by the court of appeals. Secs. 808.05(2), 809.61, Stats. 1985–86. The sole issue on appeal is whether an attorney may withdraw a demand for a jury trial in a civil commitment proceeding without the consent of the individual against whom the petition for commitment was filed. We hold that because the individual did not consent to her attorney's withdrawal of the jury demand, the commitment order entered after a bench trial is void, and we hereby vacate the order.

The facts of this case are not in dispute. S.B. was the subject of a probable cause hearing held on August 7, 1985, to determine her mental condition under sec. 51.20(7), Stats. 1985–86. At this probable cause hearing S.B. was represented by an attorney from the public defender's office; the circuit court found probable cause to believe that S.B. was mentally ill and represented a danger to herself and that she would be

410

a proper subject for treatment. A final hearing date was set for August 15, 1985.

Two days before the August 15 hearing, either S.B. or her family approached Attorney William Pangman, who had represented S.B. in a previous commitment proceeding, and requested him to represent S.B. in this matter. Attorney Pangman was not formally retained at that point, but he did call the public defender's office and notified the public defender of the approaching deadline for demanding a jury trial. The public defender filed a demand for a jury trial. Subsequently, S.B. retained Attorney Pangman to represent her at the final hearing. Because Attorney Pangman failed to appear at the August 15 hearing, an assistant public defender represented S.B. and on behalf of Attorney Pangman, whom the public defender had spoken to that day, requested an adjournment of the hearing. The circuit court agreed to adjourn the hearing until September 17, 1985. The circuit court also substituted Attorney Pangman as the counsel of record, relieving the public defender of further representation.

On September 12, 1985, Attorney Pangman withdrew as counsel of record. The public defender's office appointed Attorney Joseph Kivlin to represent S.B. at the September 17 hearing. Less than 24 hours before the jury trial was to begin, Attorney Kivlin reached the court by telephone and, without S.B.'s knowledge or consent, withdrew the demand for a jury.

At the hearing, S.B. was represented by Attorney Kivlin, who was assisted by Peter Heflin, an attorney from Attorney Pangman's office. Before the hearing began, Attorney Heflin requested the reinstatement of a jury trial. Attorney Heflin argued that Attorney Kivlin had not conferred with S.B. before withdrawing

the jury demand and thus the withdrawal was ineffective; in Attorney Heflin's opinion, the demand for a jury trial had been preserved.

While recognizing that this case involved the potential deprivation of liberty, the circuit court concluded that the right to a jury trial had been waived and denied the request to reinstate the jury demand. The circuit court proceeded with a bench trial. At the conclusion of the hearing the circuit court ordered that S.B. be committed to an institution for six months. S.B. was granted a stay of the order pending appeal.

On appeal S.B. raises two arguments: First, S.B. argues that she was denied the right to a jury trial guaranteed her by sec. 51.20(11)(a), Stats. 1985–86. Second, S.B. argues that the right to a jury trial in a civil commitment case is a fundamental state constitutional right and any waiver must be personal and on the record. We need not reach the constitutional issue, however, because this case can be resolved on statutory grounds. Generally this court will not decide constitutional questions if the case can be resolved on other grounds. *Labor and Farm Party v. Election Board,* 117 Wis. 2d 351, 354, 344 N.W.2d 177 (1984).

In arguing that her statutory right to a jury trial was violated when her attorney withdrew, without her knowledge or consent, a previous jury demand, S.B. relies on sec. 51.20(11)(a), which states:

(11) JURY TRIAL. (a) If before involuntary commitment a jury is demanded by the individual against whom a petition has been filed under sub. (1) or by the individual's counsel if the individual does not object, the court shall direct that a jury of 6 people be drawn to determine if the allegations specified in sub. (1)(a) are true. A jury trial is

. deemed waived unless demanded at least 48 hours in advance of the time set for final hearing, if notice of that time has been provided to the subject individual or his or her counsel.

Sec. 51.20(11)(a) confers upon individuals facing civil commitment a right to a jury trial. Neither party disputes this interpretation of the statute. Both parties also agree that the validity of the demand for a jury in this case is not in issue before this court. Rather, the issue before us is whether the attorney's withdrawal of the demand for a jury trial without the consent of the individual facing commitment is valid. The resolution of this issue requires interpretation of sec. 51.20(11)(a). A question of statutory construction is a question of law which this court may determine without deference to the circuit court.

Under sec. 51.20(11)(a), either the individual facing commitment or the individual's attorney has the power to demand a jury trial. The statute expressly mandates that an attorney's demand is valid only "if the individual does not object." The statute contemplates that the decision to have a jury trial is to be made either by the individual against whom the petition was filed or by the attorney on behalf of the individual after consultation with the individual. The statutory phrase "if the individual does not object" shows that the demand for a jury trial cannot be made by the attorney alone.

■ While the statute speaks expressly to the manner of demanding a jury, it is silent about the manner of withdrawing a jury demand. Because sec. 51.20(11)(a) requires the individual to be personally involved in the decision to demand a jury trial, we conclude that the statute implicitly requires that the individual be

personally involved in the decision to withdraw a demand for a jury trial. We reach this conclusion because it seems obvious that the demand for a jury trial and the withdrawal of that demand are really one and the same decision, namely, whether to have a jury hear the case. When the statute requires the individual to be personally involved in making a demand for a jury, it follows that the individual must be personally involved in withdrawing a demand. Accordingly we conclude that under sec. 51.20(11)(a) an attorney may withdraw the demand only if the individual against whom a petition has been filed approves the withdrawal or, in the words of the statute, does not object.

In so concluding, we reject Racine County's argument that under sec. 51.20(11)(a) an attorney may withdraw a demand for a jury trial without putting the individual's consent (or indication of non-objection) on the record. Under Racine County's interpretation, the circuit court must presume that when the attorney acts, the individual does not object. If we were to accept that interpretation, the statutory language "only if the individual does not object" would be rendered unenforceable and meaningless. Such a presumption by the circuit court in this case would have been erroneous; the record clearly shows that S.B. had no knowledge of the withdrawal of the jury demand and therefore had no opportunity to object. At the hearing, S.B. voiced her objection through her attorney to the withdrawal of the demand for a jury.

We also reject a second argument intimated in Racine County's brief, namely, that an individual against whom a petition has been filed may not be competent to make trial strategy decisions, such as

the decision to demand or withdraw a jury trial. The circuit court cannot presume that an individual who is the subject of a commitment proceeding is incompetent to decide about a jury trial; the very purpose of the commitment proceeding is to determine the mental competence of the individual. Furthermore, under sec. 51.59, Stats. 1985–86, even an individual who is committed under ch. 51 is not deemed incompetent to manage his or her affairs. Sec. 51.59, states:

> **Incompetency not implied.** (1)  No person is deemed incompetent to manage his or her affairs, to contract, to hold professional, occupational or motor vehicle operator's licenses, to marry or to obtain a divorce, to vote, to make a will or to exercise any other civil right solely by reason of his or her admission to a facility in accordance with this chapter or detention or commitment under this chapter.

We hold that because S.B. did not participate in the attorney's withdrawal of the jury demand and objected to the withdrawal, the trial to the bench violated her statutory right to a jury trial under sec. 51.20(11)(a). Therefore, we vacate the circuit court's order of commitment. We further hold, as a matter of judicial administration, that if a valid demand for a jury trial has been made, the attorney may withdraw the demand if the attorney files in court the individual's written consent to the withdrawal or if the individual consents to the withdrawal personally in open court. The writing must state that the individual has made the decision to withdraw the demand knowingly and voluntarily after receiving the advice of counsel. If the individual consents to withdrawing

the demand personally in open court, the court must address the individual personally, on the record, to insure that the withdrawal of the jury demand is knowing and voluntary.

Our holding today comports with our decision in *In the Interest of N.E.: N.E. v. Wisconsin Department of Health and Social Services,* 122 Wis. 2d 198, 361 N.W.2d 693 (1984), which involved the withdrawal of a jury demand in a juvenile proceeding. N.E., a minor, was the subject of a delinquency petition. At the initial hearing N.E., appearing with his attorney, entered a not guilty plea and demanded a jury trial. A week later, at the pretrial conference, with N.E. not present, N.E.'s attorney withdrew the demand for a jury trial. The withdrawal of the jury demand was granted and a bench trial was held in which N.E. was found guilty. The statute granting a juvenile the right to demand a jury trial, like sec. 51.20(11)(a), governs the manner of requesting a jury trial but is silent about the manner of withdrawing the demand. The court in *N.E.* held that the right to a jury trial was a statutory right and that once a juvenile has made a jury demand under the statute, this right must be withdrawn personally by the juvenile, either in writing or on the record in open court.

Racine County pointed out in oral argument that over twelve months have elapsed since the circuit court's January 9, 1986, judgment to stay the commitment order, and that since then S.B. has functioned sufficiently well without being committed. Since ch. 51 requires evidence of recent behavior and recent overt acts that would justify commitment, at this point a remedy would be hard to fashion. If the case was remanded with a directive for a jury trial, the County would be in the awkward position of having to

conduct a trial without evidence of recent behavior. Accordingly, we vacate the order and remand the cause to the circuit court to dismiss the petition.

*By the Court.*—The order of the circuit court is vacated and the cause is remanded to the circuit court with directions.