IN RE the TERMINATION OF PARENTAL RIGHTS TO BRAN-
DON J., a person under the age of 18:

MANITOWOC COUNTY HUMAN SERVICES DEPARTMENT,
Petitioner-Respondent,

v.

ALLEN J., Respondent-Appellant.

Court of Appeals

*Nos. 2007AP1494, 2007AP1495. Submitted on briefs
July 11, 2008.—Decided August 7, 2008.*

2008 WI App 137

(Also reported in 757 N.W.2d 842.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Steven J. Rollins*, corporation counsel, and *Ryan O'Rourke*, assistant corporation counsel of Manitowoc County.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. BROWN, C.J.   Allen J. appeals from orders terminating his parental rights to his children, Brandon[1] and Stephanie J. He argues that he was deprived of his right to a jury trial because the court, rather than

---

[1] Allen's son's name is spelled both "Brandon" and "Branden" in the record; we will use the spelling that the parties employ in the captions to their briefs.

the jury, answered one of the verdict questions on an element of parental unfitness. Allen's counsel had stipulated that the element was satisfied, but Allen argues that he did not personally agree to withdraw his jury demand on the element. We put this appeal on hold pending the supreme court's resolution of *Walworth County DHHS v. Andrea L.O.*, 2008 WI 46, 309 Wis. 2d 161, 749 N.W.2d 168. In that case, the supreme court held that the parties' stipulation to one element of parental unfitness did not constitute a withdrawal of a jury trial demand because the jury, rather than the court, answered the verdict question and there was ample evidence to support the element. *Id.*, ¶ 3. The court went on to hold that even if the stipulation had been a withdrawal of the jury trial demand on the element, it was not error for the circuit court not to hold a personal colloquy with the defendant where the defendant personally agreed to the stipulation in open court, the stipulation was to a single, undisputed, paper element, and there was ample uncontroverted evidence to support the stipulated element. *Id.*, ¶ 4.

██

¶ 2.    We now reverse and remand for a new trial. We conclude that the stark factual differences between this case and *Andrea L.O.* call for this result. First, here the court, not the jury, answered the verdict question on the stipulated element, and so, as Manitowoc County rightly concedes, Allen did not receive a jury trial on the issue. Thus, the dispositive question becomes whether it was error for the court to withdraw the element from the jury's consideration. We conclude that it was because the crucial facts relied on by the *Andrea L.O.* court are missing here. At no time did Allen agree to the stipulation in open court. Second, though the element in consideration is a "paper" element, the required

documentary evidence is missing from the record, and the evidence adduced is not so "ample" as to make the element "undisputed and undisputable." We therefore also conclude that the court's error was not harmless.

¶ 3. The relevant facts are undisputed. In December 2005, the County filed petitions to terminate Allen's rights to both of his children on the ground of continuing CHIPS. *See* Wis. Stat. § 48.415(2)(a) (2005–06).[2] Allen contested both petitions and demanded a jury trial. A single trial for the termination of Allen's rights and those of the children's mother was held over two days. At the commencement of the trial, outside the presence of the jury, counsel for the County and both parents stipulated that "the children have been placed outside the home for a cumulative period of six months or more on court orders finding them to be in need of protection and services." Accordingly, at the close of evidence, the court instructed the jury that with respect to this element, "[b]ecause there is no dispute in the evidence to this question, I have answered this question." On the verdict forms submitted to the jury, the court typed in the answer "yes" to each question pertaining to this element as to each child and each parent. The jury, therefore, did not answer the question. On receiving the verdicts, the court again noted that it had answered the first question of each verdict. The jury answered each remaining question "yes" as well. After a disposition hearing, the court terminated each parent's rights to each child. Allen appeals.

¶ 4. A parent in a termination case has a statutory right to a jury trial in the first, "unfitness" phase of the proceeding. Wis. Stat. §§ 48.422(4), 48.31(2) 48.424(2). Though § 48.422(4) provides a procedure for

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

requesting the jury trial, the statute does not say how such a request may be withdrawn, nor how (or if) a ground for unfitness may be stipulated to in a jury trial. *Andrea L.O.*, 749 N.W.2d 168, ¶ 30.

¶ 5. The County argues, however, that WIS. STAT. § 805.01(3), a general civil procedure statute, provides a method for a parent to withdraw a jury demand. That statute reads:

> The failure of a party to demand in accordance with sub. (2) a trial in the mode to which entitled constitutes a waiver of trial in such mode. The right to trial by jury is also waived if the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

As Allen points out, the first two sentences of the statute concern waiver of the right to trial, either by inaction or by stipulation. Thus, by virtue of the second sentence, a party's attorney may waive a jury trial by stipulation in open court. It is only the last sentence of the statute that discusses withdrawal of a jury demand that has already been made, and that sentence only requires that all parties consent; it does not prescribe how the party's consent is to be manifested or state that the party's attorney may withdraw a trial request. We therefore conclude that § 805.01(3) does not answer the question of whether a parent in a TPR case must personally agree to the withdrawal of an element from the jury.[3]

---

[3] We note that WIS. STAT. § 805.01(3) was in effect at the time of the decisions in both *N.E. v. DHSS*, 122 Wis. 2d 198, 361

¶ 6. Allen argues that two supreme court cases interpreting other statutes provide guidance here, however. The first is *N.E. v. DHSS*, 122 Wis. 2d 198, 361 N.W.2d 693 (1985). N.E. was a juvenile in a delinquency proceeding who had pleaded not guilty and demanded a jury trial.[4] *Id.* at 200. Later, N.E.'s attorney appeared in court, without N.E. present, and stated that N.E. wished to withdraw the jury trial request and have a court trial instead. *Id.* at 200–01. N.E. was found guilty and adjudicated delinquent, and he appealed to this court, which certified the case to the supreme court. *Id.* at 201.

¶ 7. N.E. argued that the right to a jury trial in a delinquency case was protected by the Wisconsin Constitution, or that it was a "fundamental" statutory right, such that any waiver by the juvenile had to be personal, knowing, and voluntary. *Id.* at 202, 205. The supreme court rejected each of these arguments. *Id.* at 202–03, 207. However, in view of the lack of a statutory procedure for withdrawal, the court went on to hold that once a juvenile made a jury demand, any withdrawal had to be made personally, either in open court or in writing. *Id.* at 208. The court further required that any written withdrawal state that it was made knowingly and voluntarily with the advice of counsel, and that in case of oral withdrawal, the circuit court conduct a colloquy with the juvenile to ascertain knowingness and voluntariness. *Id.*

N.W.2d 693 (1985), and *S.B. v. Racine County*, 138 Wis. 2d 409, 406 N.W.2d 408 (1987), discussed below. It was not suggested in either case that the statute governed the withdrawal of the jury trial requests at issue.

[4] The statutes at issue in N.E. were subsequently amended such that there is no longer a statutory right to a jury trial in a juvenile delinquency case. *See Walworth Co. DHHS v. Andrea L.O.*, 2008 WI 46, ¶ 31 n.5, 309 Wis. 2d 161, 749 N.W.2d 168.

¶ 8.    The other case Allen cites is *S.B. v. Racine County*, 138 Wis. 2d 409, 406 N.W.2d 408 (1987). S.B. was the respondent in a Wis. Stat. ch. 51 civil commitment case, and her attorney filed a jury demand. *S.B.*, 138 Wis. 2d at 410–11. However, after a substitution of counsel, and without S.B.'s knowledge or consent, S.B.'s new attorney withdrew the demand. *Id.* at 411. S.B. then had a bench trial and was committed for six months. *Id.* at 412. She appealed and we certified the case to the supreme court. *Id.* at 410. As N.E. had, S.B. argued that she had a constitutional right to a jury trial that could only be waived personally and on the record. *Id.* at 412. The supreme court declined to address this argument and instead based its decision on statutory grounds. *Id.* As the delinquency statute once did, the civil commitment statute provides a means for requesting a jury trial but no procedure for withdrawing a request. *Id.* at 413. However, the court reasoned that since the statute requires consent of the respondent for a jury demand, it would not make sense to allow the withdrawal of such a demand without that same consent. *Id.* at 413–14. Further, the court went on to require, as it had in *N.E.*, that any withdrawal be personally agreed to by the respondent, in writing or in open court, with the same required statements of knowingness and voluntariness, and the same required colloquy if the withdrawal was made in open court. *S.B.*, 138 Wis. 2d at 415–16; *see also N.E.*, 122 Wis. 2d at 208.

¶ 9.    Both *S.B.* and *N.E.* were, in turn, relied on by Andrea L.O. in her appeal. *Andrea L.O.*, 749 N.W.2d 168, ¶ 30. In the circuit court, on the morning of Andrea's trial, the County sought a stipulation that Andrea's child had been placed outside the home for six months or longer by court orders containing the requi-

site notice. *Id.*, ¶ 8. Andrea's attorney agreed to stipulate to this fact, and then addressed her personally in open court and asked her if she agreed to the stipulation. She responded that she did. *Id.*, ¶ 9. The court and the parties treated the element as stipulated throughout the trial, but the verdict form submitted to the jury nevertheless had a space for the jury to write in its finding on the element. *Id.*, ¶ 16 & n.4. The jury answered this and the other verdict questions "yes" and the circuit court eventually terminated Andrea's parental rights. *Id.*, ¶ 16. Andrea appealed.

¶ 10.   We certified to the supreme court the question:

> Does the rationale and holding of *N.E. v. DHSS*, a juvenile case arising out of Wis. Stat. ch. 48 (2003–04), govern a termination of parental rights (TPR) case such that a parent must personally withdraw his or her prior demand for a jury trial?

*Andrea L.O.*, 749 N.W.2d 168, ¶ 27. However, the supreme court held that, because the jury had in fact answered the verdict question and had heard sufficient evidence (including Andrea's own testimony) in favor of its finding, no withdrawal of the jury trial demand had occurred. *Id.*, ¶¶ 3, 24. The court therefore declined to address the broad question posed by the certification. *Id.*, ¶ 28. It instead addressed the question of *N.E.*'s effect on the narrower circumstances of the case. *Andrea L.O.*, 749 N.W.2d 168, ¶ 28.

¶ 11.   The court distinguished both *S.B.* and *N.E.* on their facts. It noted that in both of the earlier cases, the attorneys had withdrawn their clients' jury demands outside the presence of the clients: in S.B.'s case, without her knowledge or consent, and in N.E.'s

case without consulting with him.[5] *Andrea L.O.*, 749 N.W.2d 168, ¶ 34. In contrast, not only was Andrea present for the stipulation, but she personally agreed to it on the record in open court. *Id.* Further, the court noted that Andrea stipulated to only one element and that the focus of her case was on other elements, in contrast to S.B. and N.E., who had given up the jury trial right in its entirety. *Id.*, ¶ 35. The court also distinguished two criminal cases[6] on several grounds: that the stipulated element at issue was a "paper element" for termination provable by official documents, *id.*, ¶¶ 4 n.2, 46; that there was ample evidence on the element, *id.*, ¶ 46; and that TPR proceedings are civil and not criminal. *Id.*, ¶ 47. The court also noted that even in criminal cases, removing an element from the jury's consideration may be harmless error if the element is "undisputed and indisputable." *Id.*, ¶¶ 48–49.

¶ 12. The court finished its discussion of the issue by urging circuit courts to "consider personally engaging the parent in a colloquy explaining that a stipulation to an element withdraws that element from the jury's consideration and determining that the withdrawal of that element from the jury is knowing and voluntary." *Id.*, ¶ 55. The court stated that though no personal colloquy was necessary in Andrea L.O.'s case because she had received a jury trial, "we have not addressed whether it would be required in other contexts." *Id.* It went on to note that terminations of

[5] *But see N.E.*, 122 Wis. 2d at 201, (N.E.'s attorney stating that he had consulted with N.E. and that N.E. wished to withdraw the jury demand).

[6] The cases were *State v. Villarreal*, 153 Wis. 2d 323, 450 N.W.2d 519 (Ct. App. 1989), and *State v. Hauk*, 2002 WI App 226, 257 Wis. 2d 579, 652 N.W.2d 393.

parental rights are "among the most severe forms of state action" and thus may "require heightened legal safeguards against erroneous decisions." *Id.*, ¶ 56 (citations omitted).

¶ 13. Both parties recognize that *Andrea L.O.* is factually similar to this case and presented similar issues. Both parties also recognize that the *Andrea L.O.* court explicitly declined to resolve whether a circuit court must, as a general matter, conduct a personal colloquy to determine whether a parent who waives a jury trial on an element in a TPR case does so knowingly and voluntarily. The County urges that the facts of *Andrea L.O.* are close enough to the ones here that *Andrea L.O.*'s result ought to govern. Allen, on the other hand, emphasizes the factual differences between *Andrea L.O.* and his case, and notes that *Andrea L.O.* distinguished *S.B.* and *N.E.* on their facts only. His argument is that the principles of *S.B.* and *N.E.* are still valid and that it is these principles that govern outside the narrow factual circumstances presented in *Andrea L.O.* We take his point to be essentially this: TPR cases, like juvenile delinquency cases and WIS. STAT. ch. 51 commitment cases, are civil and not criminal in nature. Nevertheless, they involve severe state action against the individual. Therefore, in the absence of a statutorily-prescribed procedure for withdrawing a jury demand, the courts should take steps to ensure that any waiver of substantial rights by an individual subject to such proceedings be knowing and voluntary.

¶ 14. We conclude that the facts presented in this case are sufficiently distinct from those of *Andrea L.O.* that the result there does not control the result here. The main similarity between the two cases is that in each, it was only one element of the continuing CHIPS ground that was stipulated to: that the child has been

out of the home for six months pursuant to a court order. This element is, as the *Andrea L.O.* court noted, a "paper" element that can be proved by official documents. However, unlike in *Andrea L.O.*, in which a court order was entered into evidence, a social worker testified that the child had been placed outside the home for twenty-four months, and Andrea herself testified to the same fact, *Andrea L.O.*, 749 N.W.2d 168, ¶¶ 11–12, in this case the evidence on this paper element is rather sparse. A social worker testified that Brandon had been placed outside the home for "a year and two months maybe." The County points to other testimonial references that might suggest the time Brandon was outside the home; and also notes that no witness testified that Brandon was returned to the home after a removal that occurred in 2004. As for Stephanie, the County points to two segments of testimony that could certainly *suggest* that Stephanie had been out of the home for the requisite period, but do not, in our view, demonstrate it to any degree of certainty. Importantly, the County has not suggested that the court order that could prove this "paper ground" was ever entered into evidence, and our review of the record has not uncovered it.

¶ 15.   Further, the *Andrea L.O.* court repeatedly stressed that Andrea had given her verbal assent to the stipulation in court. *See id.*, ¶¶ 4, 9, 34, 58. Such is not the case here. We see this fact as particularly important. Andrea L.O. demonstrated at least some understanding of, and agreement to, the removal of one TPR element from the jury's consideration, and the supreme court relied on this fact in determining that the circumstances of that case did not require a personal colloquy. *Id.*, ¶ 4. Here, on the other hand, though Allen was

*present* when his attorney agreed to the stipulation, there is nothing in the record suggesting that Allen understood or agreed to it.

¶ 16.   For these reasons we conclude that *Andrea L.O.*'s narrow holding is inapplicable here. We further conclude that, in the absence of a more specific directive from our supreme court, we ought to apply the principles of *N.E.* and *S.B.* to this case. *See N.E.*, 122 Wis. 2d at 208; *S.B.*, 138 Wis. 2d at 413–14. The TPR statute allows a parent to demand a jury trial but does not provide a means to withdraw such a demand. In view of the seriousness of the state action involved in a TPR, the courts should ensure that the individual's rights in such a proceeding are not waived involuntarily or without adequate understanding. This was not done in Allen's case.

¶ 17.   The County argues that even if it was error for the court not to submit the first element of the TPR case to the jury, the error was harmless. We cannot agree for the simple reason that, as we have noted, there is sparse evidence in the record on the element. This may be, as the County states, "understandable" in light of the fact that the element was stipulated, but it nevertheless makes it impossible for us to find the element "undisputed and indisputable," *see Andrea L.O.*, 749 N.W.2d 168, ¶ 49, such that the stipulation cannot have affected the outcome. We therefore remand for a new trial.

*By the Court.*—Orders reversed and cause remanded.