VUCHETICH, Appellant, vs. GENERAL CASUALTY COMPANY OF WISCONSIN, Respondent.

*September 12—October 11, 1955.*

The cause was submitted for the appellant on the briefs of *Arthur DeBardeleben* of Park Falls, and for the respondent on the brief of *Douglas, Omernik & Bitney* of Spooner.

BROWN, J.    The order in question, which grants an injunction, is appealable. Sec. 274.33 (3), Stats.    Since no brief or argument is submitted concerning any part of the order except the injunction, we have not considered nor decided any other question which the order may involve.

The pleadings in respect to the General Casualty Company's insurance policy establish it as a proper party defendant under sec. 260.11 (1), Stats., which declares:

". . . In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense, or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees

to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff on account of any claim against the insured."

The proposition that, while one may have his action against a designated defendant, he may not refer to that defendant or divulge its name during the litigation presents a paradox so startling that only the most direct and positive authority will convince us of its truth. The authority respondents rely on is that portion of sec. 260.11 (2), Stats., reading as follows:

". . . Nothing herein contained shall be construed as prohibiting the trial court from directing and conducting first a trial as to whether or not the insured is liable to the plaintiff or other party and directing a separate trial on the issues involving the question whether under its policy the insurer is liable for the payment in whole or in part of any judgment against the insured or the amount of such liability."

Obviously this statute permits the trial court to direct that the tort liability and the insurance coverage shall be determined in separate trials but if the tort questions are so determined the insurer is nonetheless a party interested in the result of that trial and jurors or witnesses closely connected with the insurer,—as stockholders or employees, for instance,—may be biased on account of the connection. For many years, and even before ch. 375, Laws of 1931, enacted the quoted portion of sec. 260.11(1), Stats., we have held that this bias might be explored by questions on that subject asked in good faith of a witness or prospective juror. *Faber v. C. Reiss Coal Co.* (1905), 124 Wis. 554, 102 N. W. 1049; *Martell v. Kutcher* (1928), 195 Wis. 19, 216 N. W. 522; *Johannsen v. Peter P. Woboril, Inc.* (1952), 260 Wis. 341, 51 N. W. (2d) 53. The same holds true for comments of counsel on the subject of interest made during argument. *Roeske v. Schmitt* (1954), 266 Wis. 557, 64 N. W. (2d) 394. See also *Lozon v. Leamon Bakery Co.* (1925), 186 Wis. 84, 202 N. W. 296.

We are unable to read anything out of sec. 260.11 (2), Stats., which authorizes a court to prohibit such good-faith inquiry or comment. We conclude that the learned trial court erred in granting the part of the order enjoining reference to the defendant corporation.

*By the Court.*—Order reversed as to the injunction, and cause remanded for further proceedings not inconsistent with this opinion.