John STOPPLEWORTH and Jacqueline Stoppleworth,
Plaintiffs-Appellants-Petitioners,

v.

REFUSE HIDEAWAY, INC., a Wisconsin corporation, John
W. DeBeck, Thomas G. DeBeck and Bituminous Fire
& Marine Insurance Co., a foreign corporation,
Defendants-Respondents.

Supreme Court

*No. 93–3182. Oral argument January 9, 1996.—Decided April
25, 1996.*

(Also reported in 546 N.W.2d 870.)

513

For the plaintiffs-appellants-petitioners there were briefs by *Arvid A. Sather* and *Michael, Best & Friedrich*, Madison and oral argument by *Arvid A. Sather*.

For the defendants-respondents there was a brief by *J. Ric Gass, Mark M. Leitner* and *Kravit, Gass & Weber, S.C.*, Milwaukee and oral argument by *J. Ric Gass*.

Amicus curiae brief was filed by *Craig A. Kubiak* and *Liebmann, Conway, Olejniczak & Jerry, S.C.*, Green Bay for The Civil Trial Counsel of Wisconsin and The Wisconsin Insurance Alliance.

JANINE P. GESKE, J.   John and Jacqueline Stoppleworth petitioned this court for review of an unpublished decision of the court of appeals affirming

an order of the Circuit Court for Dane County which dismissed their negligence action against defendants, John W. DeBeck, Thomas G. DeBeck, Refuse Hideaway, Inc., and Bituminous Fire and Marine Insurance Co. Circuit Court Judge Mark A. Frankel entered the judgment following the jury's verdict finding that, although the DeBecks and Refuse Hideaway's negligent operation of the Refuse Hideaway Landfill contaminated surrounding well water consumed by John Stoppleworth, the defendants' negligence was not causal of his basal cell carcinoma.

The issue before this court is the propriety of the circuit court's order precluding any mention to the jury of the identity of the insurer, Bituminous, as a party to the action. Stoppleworth contends that he is entitled to a new trial because the prohibition on disclosure of Bituminous' position as defendant violated a substantial right—that of the right to a "jury trial inviolate."

Although we conclude that there is neither a constitutional right nor a statutory requirement to name all parties, we hereby adopt a procedural rule that, in a jury trial, the court shall identify all joined parties to the jury panel.[1] We do not disturb the jury's verdict in the case at hand, however, because we conclude that the order of the circuit court did not affect any of the plaintiffs' substantial rights. Therefore, we affirm the court of appeals' decision.

---

[1] By thus holding, we are not stating that each and every time the case is called that the court must mention every party's name. We recognize that in the interests of judicial efficiency, once all the joined parties have been properly identified to the jury, the court may abbreviate further references to a lengthy caption.

## FACTS

The defendants in this action, John and Tom DeBeck, and Refuse Hideaway, Inc., owners and operators of the Refuse Hideaway Landfill in the Town of Middleton, Wisconsin, are insured by Bituminous Fire and Marine Insurance Co. (Bituminous). The plaintiff, John Stoppleworth, initiated a toxic tort claim against the defendants in which he asserted that their negligent operation of the landfill resulted in contamination of his parents' well. Stoppleworth claimed that he was personally injured by this negligence through exposure to chemical contaminants in the well water which he asserted was a substantial factor in causing his basal cell carcinoma, a form of skin cancer.[2]

The defendants filed a motion in limine, requesting that there be no mention of Bituminous before the jury and that the insurer's name be removed from the caption and the jury verdict. The defendants argued that the fact that the DeBecks and Refuse Hideaway, Inc. were insured was irrelevant to the issues before the court, and that to inform the jury of the insurer's role as a defendant would be unduly prejudicial.[3] They based these arguments on studies of jury behavior indi-

---

[2] John's wife, Jacqueline Stoppleworth, joined in the action as a plaintiff claiming loss of consortium.

[3] In support of this argument, the defendants cited the following Wisconsin rules of evidence. Under Wis. Stat. § 904.01, " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence that is irrelevant is inadmissible. Wis. Stat. § 904.02. Further, even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, . . ." Wis. Stat. § 904.03.

cating that when juries are aware defendants are insured, they tend to award higher damages.[4] The plaintiffs countered that any potential prejudice would be allayed by instructing the jurors that their knowledge of the existence of an insurance company as a defendant should have no bearing on their determination of liability or nonliability.[5]

The circuit court granted the defendants' motion and ordered that the identity of Bituminous as a defendant not be revealed to the jury in any manner. The court reasoned that, although the insurer was a party, "they're only a party really for purposes that don't concern the jury."

---

[4] The defendants relied upon the following sources: Dale W. Broader, *The University of Chicago Jury Project*, 38 Neb. L. Rev. 744, 754 (1959) (damage awards are lowest when jury is not aware defendant has insurance and are highest when that information is revealed and a correctional instruction is given in response to an objection); James K. Hammitt et al., *Tort Standards and Jury Decisions*, 14 J. Legal Studies 751, 755 (1985) (defendants who can be presumed to be heavily insured tend to be assessed larger damage awards); *see also* Valerie Hans and M. David Ermann, *Responses to Corporate Versus Individual Wrong Doing*, 13 Law and Human Behavior 151 (1989).

[5] This admonition is found in Wis JI—Civil 125:

> References to an insurance company have been made in this case. The title to this case included an insurance company as a defendant. There is no question as to insurance in the special verdict, however. This is because no dispute of fact concerning insurance is involved in this case. In addition, the liability or nonliability of (*defendant*) for the damages claimed is exactly the same, whether (*defendant*) is or is not covered by insurance. Under your oath as jurors, you are duty bound to be impartial toward all the parties to this case. So, you should answer the questions in the verdict just as you would if there were no insurance company in this case.

Uncontroverted evidence showed that the Stoppleworths' well contained volatile organic chemical contaminants. The defendants proceeded on the theory that John Stoppleworth's skin cancer was not caused by exposure to any of these chemicals, but rather by chronic exposure to the sun. The defense presented evidence that, despite Stoppleworth's claims that because of his fair skin he never went out in the sun without sun screen, he had been sunburned numerous times. Childhood photographs showed him outdoors without sun protection and with varying degrees of sunburn. John Stoppleworth testified that about once a year, while he was a teenager, he would burn to the point of peeling. Testimony by family members revealed that he did quite a bit of outdoor work landscaping at his home. John Stoppleworth also spent time on the lake in his pontoon boat and water-skiing. He and his wife honeymooned in Jamaica and had recently taken a seven-day Caribbean cruise.

The defense presented two expert witnesses who testified to a reasonable degree of medical probability that John Stoppleworth's cancer was not caused by exposure to the contaminants in his parents' well water. Defense witness, toxicologist Dr. Gots, testified that of the chemicals found in the Stoppleworths' well only one, vinyl chloride, is a known human carcinogen. No epidemiological studies have linked vinyl chloride to human basal cell carcinoma. A second expert witness for the defense, Dr. Barnett, is a board certified dermatologist who testified that he had treated more than 1,400 basal cell carcinomas over the previous ten years. He testified that, based on his own experience and an extensive search of the medical research literature, there were no indications that toxins such as vinyl chloride had ever been linked to development of

basal cell skin cancer. Finally, on cross-examination of the plaintiffs' expert, Dr. Bryan, the defense elicited confirmation that if exposure to vinyl chloride in the well water were a substantial factor in causing John Stoppleworth's basal cell carcinoma, it "would be the first case that [Dr. Bryan was] aware of in the world."

The jury returned a verdict finding the defendants negligent in the operation of Refuse Hideaway Landfill. However, the jury determined that this negligence was not a cause of John Stoppleworth's skin cancer. The circuit court thereby issued an order for judgment dismissing the Stoppleworths' action and subsequently denied their motion for a new trial. The court of appeals affirmed on the basis that, even if precluding mention of Bituminous was erroneous, the Stoppleworths had not demonstrated that they were prejudiced by the circuit court's ruling or that their substantial rights were affected and, therefore, they were not entitled to a new trial. This court accepted the plaintiffs' petition for review.

## I.

This court must determine whether there exists a statutory or constitutional right to name all parties joined in a lawsuit. This is a question of law which we review de novo. *Ball v. District No. 4, Area Board*, 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

The Stoppleworths argue that they have both a statutory and constitutional right to reveal the identities of joined parties to the jury. They find support for their statutory claim in Wis. Stat. § 632.24 (direct action against insurer)[6] and Wis. Stat. § 803.04(2)(a)

[6] Wis. Stat. § 632.24, reads:

519

(permitting plaintiff to join insurer as a party defendant)[7] The Stoppleworths assert that by creating these statutory mechanisms the legislature expressed a public policy to facilitate the joinder of insurers as party defendants in negligence actions and that the identity of the insurer as a defendant is pivotal. Further, they argue that these statutes implicitly confer on plaintiffs the right to disclose the identity of all defendants. They cite the lack of statutory provisions explicitly allowing an insurer to "secrete or exclude" its identity from the jury as indicative of legislative intent that no such "privilege" should be recognized.

In contrast, the defendants posit that the primary legislative purpose behind the direct action statutes is one of judicial economy—to protect successful plaintiffs from having to pursue insolvent defendants before proceeding against the defendants' insurers. In support of this interpretation, they cite *Decade's Monthly Fund v.*

---

**Direct action against insurer.** Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amount stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

[7] Wis. Stat. § 803.04(2)(a), reads in relevant part:

In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action, or which by its policy agrees to prosecute or defend the action brought by plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured.

*Whyte & Hirschboeck*, 173 Wis. 2d 665, 495 N.W.2d 335 (1993), in which we traced the history of Wisconsin's direct action statutes. There, we noted that, as early as 1927, the legislative purposes had been identified as including the desire to:

> save litigation and reduce the expense by determining the rights of all parties in a single action which is usually defended by the insurance carrier. [To] expedite the final settlement of litigation and the final payment to the injured person, if he be entitled to recovery. [To] place the burden upon the insurance carrier who has been compensated in advance for its liability to pay the damage assessed for such injuries to person and damage to property as have been caused by actionable negligence on the part of the person insured.

*Id.* at 675 (quoting *Ducommun v. Inter-State Exchange*, 193 Wis. 179, 185, 212 N.W. 289 (1927)). Thus we have recognized that the core functions of these statutes are to expedite the litigation process and to facilitate a successful claimant's access to compensation.

We find the defendants' arguments most persuasive on this point—what the jury knows or doesn't know of the identities of the various parties is not even contemplated by these statutes. We conclude that there is no support for the plaintiffs' claim that a statutory right exists to name all joined parties. The legislative history does not indicate an intent to convey such a right, nor has this court previously recognized such a statutory right. We decline to do so now.

The Stoppleworths contend that this court implicitly recognized the right to name all parties in *Vuchetich v. General Casualty Co.*, 270 Wis. 552, 72 N.W.2d 389 (1955). Specifically, they argue that *Vuche-*

*tich* established precedent that the identity of an insurer defendant must always be revealed to the jury. There, we reversed a circuit court order enjoining the plaintiff from making any reference to the defendant insurance company,[8] stating:

> The proposition that, while one may have his action against a designated defendant, he may not refer to that defendant or divulge its name during the litigation presents a paradox so startling that only the most direct and positive authority will convince us of its truth.

*Id.* at 555. Although we found error in that case, this court did not base its decision on the existence of a "right" to have the parties' identities revealed to the jury. Rather, we concluded that the order, which prohibited any voir dire questioning of the jurors or witnesses as to connections with the defendant insurer, was erroneous because it prevented the plaintiff from investigating potential bias.

Here, however, the circuit court permitted exploration during voir dire as to whether any of the jurors had been previously involved in any litigation involving insurance companies. Additionally, the court "was prepared to go further if there was any indication that there might be any connection between any of the jurors and the defendant insurance company." We do not find *Vuchetich* controlling.

## II.

The Stoppleworths next contend that the circuit court's order barring mention of Bituminous violated

---

[8] The insurer had been joined as a party under Wis. Stat. § 260.11(1) (1953-54), the precursor to Wis. Stat. § 803.04(2).

their right to a "jury trial inviolate" as guaranteed under the Wisconsin Constitution, art. I, § 5. They argue that "certainly the fundamental right to a jury trial must include the right of a plaintiff to identify to a jury those parties to the litigation who appear and participate in the proceeding." The plaintiffs cite no authority in support of their claim that the circuit court's order violated the constitutional right to trial by jury. Their argument is based on inference and assumption and we do not find it convincing.[9]

Although we find neither a statutory nor a constitutional right to have all parties identified, we conclude that in a jury trial, as a procedural rule, the court should apprise the jurors of the names of all the parties

---

[9] Additionally, the defendants argued that plaintiffs' constitutional claim was fatally flawed because this court has held that "[t]he right preserved in Art. I., sec. 5 of the Wisconsin Constitution is simply the right as it existed at the time of the adoption of [the] constitution in 1848." *In Interest of N.E.*, 122 Wis. 2d 198, 203, 361 N.W.2d 693 (1985) (finding juvenile's right to jury trial in delinquency proceedings strictly statutory, not constitutional); *see also Bergren v. Staples*, 263 Wis. 477, 481-83, 57 N.W.2d 714 (1953) (finding no constitutional right to jury trial in action against third-party tortfeasor by worker's compensation insurer). Thus, a claim that the state constitution prevents infringement upon the right to a jury trial in actions that did not exist in 1848 will be unavailing. The first statute permitting direct action against an insurer was not enacted until 1925. *See* 1925 Wis. Laws ch. 341 (creating Wis. Stat. § 85.25). Because we conclude that identification of parties does not impact the right to jury trial, we need not further pursue this argument.

to the lawsuit.[10] This rule shall apply in all cases, not just those involving insurance companies.[11]

The defendants based their motion to exclude mention of Bituminous on the statutes controlling rules of evidence in Wisconsin. The name of any given joined party simply is not evidence.[12] Therefore, the rules of evidence should not be used to analyze the potential effect of advising the jury of the existence of a specific party to a lawsuit. However, just as trial judges are frequently confronted with the potential prejudicial effect on the jury of extraneous information, a circuit court can always give a cautionary instruction when it wants to protect against unfair prejudice. In a situation such as this case, we agree with the Stoppleworths' contention that any potential for prejudice is aptly addressed by use of the curative instruction, Wis JI—Civil 125, which reminds jurors that they must be

---

[10] A practical reason for this rule was illustrated during oral argument in the following hypothetical: if a circuit court issued an order similar to the one issued here in a direct action suit where the claim had been brought only against the insurer and not the alleged tortfeasor, there would be no defendant to be named to the jury.

[11] Based on our decision today, we overrule that portion of *Estate of Burgess v. Peterson*, 196 Wis. 2d 55, 75, 537 N.W.2d 115 (Ct. App. 1995), in which the court of appeals determined that it was within the discretionary powers of a circuit court to alter an action's caption by removing the name of a party.

[12] According to Black's Law Dictionary 555 (6th ed. 1990), "evidence" is defined as:

> Testimony, writings, or material objects offered in proof of an alleged fact or proposition. That probative material, legally received, by which the tribunal may be lawfully persuaded of the truth or falsity of a fact in issue.

impartial because a defendant's liability or nonliability is unaffected by whether he or she is insured.[13]

## III.

The Stoppleworths argue that the failure to mention Bituminous to the jury entitles them to a new trial. We may not order a new trial unless, after consideration of the entire proceeding, we determine that a party's substantial rights have been affected. Wis. Stat. § 805.18(2). We conclude that no substantial rights of the Stoppleworths were affected and therefore we affirm the order of the circuit court dismissing their negligence claim in accordance with the jury's verdict.

The only specific harm that the Stoppleworths claim to have suffered because of the circuit court's order was that they were restricted from conducting a meaningful cross-examination of the defense's expert witness, Dr. Gots, as to possible prejudice or bias. They argue that their attempts to impeach Dr. Gots' credibil-

---

[13] We note that the following commentary on Wis. Stat. § 904.11 (which prohibits the introduction of evidence that a party is insured on the issue of whether he or she acted negligently or otherwise wrongfully) supports our analysis and conclusion:

> The exclusionary rule in W.S.A. 904.11 is [ ] not applicable where a direct action is brought against an insurance company pursuant to W.S.A. 632.24. In direct actions, the jury is informed by the case caption that an insurance company is a party to the lawsuit. This "information" cannot, however, be used as proof of liability. Rather, the jury should, upon request, be instructed that the liability or nonliability of the parties is exactly the same regardless of whether there is insurance coverage.

7 Daniel D. Blinka, *Wisconsin Practice - Evidence* § 411.1 (1991) (footnotes omitted).

ity were substantially curtailed because they could not establish his "close association" with the insurance industry.[14] The Stoppleworths acknowledge that the court's order did not expressly forbid them to mention insurance in general or even Dr. Gots' previous work for insurance defendants in particular. However, they contend that such a line of questioning was not pursued because it would have been "meaningless" to a jury unaware that there was an insurer defendant in the instant action.

After an examination of the entire proceeding as reflected in the record, we are not convinced by this argument.[15] The Stoppleworths not only had ample opportunity to impeach Dr. Gots' credibility by painting him as a mouthpiece for the defense, but they ably exercised that opportunity. The jury was made aware: that Dr. Gots specializes in the area of forensic toxicology; that he has published articles in that area; that his company is a member of the Defense Research Institute which is devoted to litigation defense; that he has given many presentations for that organization aimed at advising attorneys on how to defend toxic tort cases; and that he has previously testified for the defense in cases in which cancer causation is an issue. Additionally, Dr. Gots testified that, in this case, he had been

---

[14] The Stoppleworths did not make an offer of proof detailing what specific testimony they were precluded from introducing regarding Dr. Gots' connection to the insurance industry.

[15] Application of the procedural rule we announce today should circumvent future claims, such as those made by the petitioners, of unfair restriction of voir dire or cross-examination. As in all cases, once joined parties are identified to the jury panel, the parties are free to ask any relevant questions of the potential jurors and the witnesses.

hired by the defense and was being paid at the rate of $275 per hour. This record does not support the claim that the plaintiffs' right to cross-examination was substantially affected.

■

Because we conclude that the order prohibiting the identification of Bituminous as a defendant did not affect the Stoppleworths' substantial rights, they are not entitled to a new trial and we affirm the decision reached by the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

ROLAND B. DAY, C.J. (*concurring*). I join the mandate of the majority opinion, and agree with its conclusion that a court in a jury trial "should apprise the jurors of the names of all the parties to the lawsuit." Majority op. at 523-24. I further agree that any prejudice which may result from the announcement of an insurer's name is easily rectified through a curative jury instruction. I write separately because I disagree with the majority's conclusion that this court has not previously recognized a right to name all joined parties. As the majority observes, this court stated in *Vuchetich v. General Casualty Co.*, 270 Wis. 552, 555, 72 N.W.2d 389 (1955):

> The proposition that, while one may have his action against a designated defendant, he may not refer to that defendant or divulge its name during the litigation presents a paradox so startling that only the most direct and positive authority will convince us of its truth.

The majority distinguishes *Vuchetich* on the grounds that the order at issue in the case was erroneous solely

because of the limits it placed on investigating possible bias among jurors through voir dire questioning. However, the order at issue in *Vuchetich* was not limited to voir dire, but prohibited mention of the defendant insurance company's name during the entire trial. *See id.* at 553. The *Vuchetich* court referred to limitations on voir dire questioning as but one example arising from previous case law of this court allowing the mention of an insurance company's name in a good-faith inquiry to determine possible interest on the part of a juror; the court also noted cases allowing comments of counsel on insurance as a second example. *See id.* at 555 (citing cases). The *Vuchetich* court's conclusion, that the order prohibiting mention of the insurance company throughout the trial was erroneous, is clearly based on several sources: "We are unable to read anything out of [the predecessor statute to Wis. Stat. § 803.04(2)] which authorizes a court to prohibit such good-faith inquiry or comment." Because *Vuchetich* was not merely concerned with voir dire, the majority errs in its decision that the case is not controlling here. *See* majority op. at 522. *Vuchetich* provides such a clear statement of the law that no one other than the parties in the present matter has raised the issue in the forty years since the case was decided!

Thus, although I concur in the result of the majority opinion, I would conclude that this court had previously recognized a right to name all parties in *Vuchetich*.

I am authorized to state that Justice WILLIAM A. BABLITCH and Justice JON P. WILCOX join this concurring opinion.