# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2020AP370 |

| | |
|---|---|
| COMPLETE TITLE: | In the matter of the mental commitment of E.J.W.: |
| | Waukesha County, Petitioner-Respondent, v. E.J.W., Respondent-Appellant-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 395 Wis. 2d 295,953 N.W.2d 122
(2020 – unpublished)

| | |
|---|---|
| OPINION FILED: | November 23, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | September 9, 2021 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Waukesha |
| JUDGE: | Paul Bugenhagen, Jr. |

JUSTICES:
ANN WALSH BRADLEY, J., delivered the majority opinion of the Court, in which DALLET, HAGEDORN, and KAROFSKY, JJ., joined. ZIEGLER, C.J., filed a dissenting opinion, in which ROGGENSACK and REBECCA GRASSL BRADLEY, JJ., joined.
NOT PARTICIPATING:

ATTORNEYS:

For the respondent-appellant-petitioner, there were briefs filed by *Lauren J. Breckenfelder,* assistant state public defender. There was an oral argument by *Lauren J. Breckenfelder*.

For the petitioner-respondent, there was a brief filed by *Zachary M. Bosch,* assistant corporation counsel. There was an oral argument by *Zachary M. Bosch*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2020AP370
(L.C. No. 2014ME227)

STATE OF WISCONSIN     :     IN SUPREME COURT

**In the matter of the mental commitment of E.J.W.:**


**Waukesha County,**

      **Petitioner-Respondent,**

    **v.**

**E.J.W.,**

      **Respondent-Appellant-Petitioner.**

**FILED**

**NOV 23, 2021**

Sheila T. Reiff
Clerk of Supreme Court

---

ANN WALSH BRADLEY, J., delivered the majority opinion of the Court, in which DALLET, HAGEDORN, and KAROFSKY, JJ., joined. ZIEGLER, C.J., filed a dissenting opinion, in which ROGGENSACK and REBECCA GRASSL BRADLEY, JJ., joined.

---

REVIEW of a decision of the Court of Appeals. *Reversed.*


¶1 ANN WALSH BRADLEY, J. The petitioner, E.J.W., seeks review of an unpublished, authored decision of the court of appeals affirming the circuit court's order extending his

involuntary commitment.[1]  He argues that the circuit court incorrectly determined that his jury trial demand was untimely.

¶2  Pursuant to Wis. Stat. § 51.20(11)(a), "A jury trial is deemed waived unless demanded at least 48 hours in advance of the time set for final hearing."  E.J.W. did not request a jury trial before the first time set for his final hearing, but that hearing was adjourned and rescheduled.  He demanded a jury trial more than 48 hours before the rescheduled date, and he argues that this request was timely under § 51.20(11)(a) so as to entitle him to a jury trial.

¶3  We conclude that E.J.W.'s jury demand was timely. Wisconsin Stat. § 51.20(11)(a) does not limit the filing of a jury demand to only the <u>first</u> time that a final hearing is set. Rather, we determine that when a final hearing is rescheduled, § 51.20(11)(a) allows a jury demand to be filed up until 48 hours prior to a rescheduled final hearing.

¶4  Accordingly, we reverse the decision of the court of appeals.

I

¶5  E.J.W. was initially committed on April 15, 2014, for a period of six months.  The circuit court determined that he

---

[1] <u>Waukesha County v. E.J.W.</u>, No. 2020AP370, unpublished slip op. (Wis. Ct. App. Nov. 4, 2020) (affirming the order of the circuit court for Waukesha County, Paul R. Bugenhagen, Jr., Judge).  The appeal was decided by one judge, then-Chief Judge Lisa Neubauer, pursuant to Wis. Stat. § 752.31(2)(d) (2019-20).

All subsequent references to the Wisconsin Statutes are to the 2019-20 version unless otherwise indicated.

2

was mentally ill, dangerous, and a proper subject for treatment. Shortly before the expiration of the initial commitment, the circuit court extended E.J.W.'s commitment for a period of 12 months, and his commitment was subsequently extended four additional times.

¶6  On February 7, 2019, Waukesha County (the County) filed a petition to again extend E.J.W.'s commitment, which was set to expire on March 12, 2019.  A notice sent to E.J.W. and to the Office of the State Public Defender indicated that the final extension hearing was scheduled for March 5, 2019, at 1:15 p.m.

¶7  The March 5 hearing did not proceed as scheduled. Instead, at the hearing E.J.W. stated that his appointed attorney was unprepared and had never called him.  E.J.W. requested that his counsel withdraw from representation and that the court appoint him new counsel.  The circuit court granted E.J.W.'s request for new counsel and adjourned the hearing until March 12, 2019, at 1:15 p.m.

¶8  Additionally at the March 5 hearing, the County raised the fact that E.J.W. had not filed a jury demand and asked the circuit court to make a finding that E.J.W., by the failure to file such a demand, had waived his right to a jury trial.  The County noted that E.J.W. was aware of the jury demand procedure because he had made a jury demand in one of his previous commitments.  It further argued that although E.J.W. was unable to connect with his lawyer, E.J.W. did not comply with his obligation to keep his contact information updated, which caused his attorney to have the wrong phone number.  In response to the

3

County's argument, E.J.W. orally demanded a jury trial. After hearing argument on March 5, the circuit court declined to rule on E.J.W.'s oral demand.

¶9 The public defender's office appointed new counsel for E.J.W. on March 7, 2019, and one day later, the newly appointed counsel filed a written jury demand. On March 11, 2019, the circuit court denied E.J.W.'s demand for a jury trial in a brief order. It reasoned: "The demand for a Jury Trial is hereby denied pursuant to § 51.20(11)(a) Wis. Stat. The matter was set for a final hearing on March 5, 2019 and no jury demand was made prior to the hearing."

¶10 At the March 12, 2019 final hearing, the circuit court reiterated its ruling from the prior day. It stated, "Regarding the time set for hearing, the Court does find that the date was set as a week ago and that is the time that triggers that 48-hour notice." The circuit court explained:

> To find otherwise is going to cause an absurdity in the statutes. It would allow someone to come in, ask for new counsel, send a letter saying I'm sick, I can't make it there today. I need to have some more time to come and have the hearing and another hearing would get set for the convenience of an individual and it would reset the clock. The Court finds that that would be an absurd way for us to handle it because there would be no reason to have the time limit of 48 hours before the final hearing.

¶11 Ultimately, E.J.W. reached an agreement with the County to waive the hearing and accept an eight-month extension of his commitment. When questioned by the circuit court, E.J.W. explained that he was entering this agreement "because I am

4

going to lose no matter what." The circuit court subsequently extended E.J.W.'s commitment for the agreed-upon eight months.

¶12 E.J.W. appealed, and the court of appeals affirmed the circuit court. Waukesha County v. E.J.W., No. 2020AP370, unpublished slip op. (Wis. Ct. App. Nov. 4, 2020). The court of appeals relied on Marathon County v. R.J.O., 2020 WI App 20, ¶41, 392 Wis. 2d 157, 943 N.W.2d 898, which had recently addressed the issue before the court in this case. E.J.W., No. 2020AP370, ¶¶9-10. It rejected E.J.W.'s challenge consistent with the R.J.O. court's determination that Wis. Stat. § 51.20(11)(a) "requires a subject individual to request a jury trial at least forty-eight hours before 'the time set for final hearing,' not at least forty-eight hours before the final hearing actually occurs." R.J.O., 392 Wis. 2d 157, ¶41. E.J.W. petitioned for this court's review.

II

¶13 We must determine first whether E.J.W.'s challenge to his recommitment is moot. Mootness presents a question of law we review independently of the determinations of the circuit court and court of appeals. Marathon County v. D.K., 2020 WI 8, ¶16, 390 Wis. 2d 50, 937 N.W.2d 901.

¶14 This case additionally requires us to interpret and apply Wis. Stat. § 51.20(11)(a). Statutory interpretation and application are likewise questions of law we review independently of the determinations rendered by the circuit court and court of appeals. Southport Commons, LLC v. DOT, 2021 WI 52, ¶19, 397 Wis. 2d 362, 960 N.W.2d 17.

5

III

¶15 We begin by briefly addressing the threshold question of whether this appeal is moot. Subsequently, we address whether E.J.W.'s jury demand was timely pursuant to Wis. Stat. § 51.20(11)(a).

A

¶16 Generally, appellate courts decline to reach moot issues. Portage County v. J.W.K., 2019 WI 54, ¶12, 386 Wis. 2d 672, 927 N.W.2d 509. "An issue is moot when its resolution will have no practical effect on the underlying controversy." PRN Assocs. LLC v. DOA, 2009 WI 53, ¶25, 317 Wis. 2d 656, 766 N.W.2d 559. If all issues are moot, an appeal should be dismissed. J.W.K., 386 Wis. 2d 672, ¶12.

¶17 The County argues that this case is moot. It contends that the subject commitment order is long expired, and two subsequent extension orders have been entered by the circuit court since its expiration. See id., ¶14 ("An appeal of an expired commitment order is moot.").

¶18 E.J.W. responds that the case is not moot because of the collateral consequences that outlast the commitment order itself. He specifically cites the restriction on his right to possess a firearm, potential liability for the costs of his care, the loss of legal rights, and the restriction of his employment options. If the case is moot, E.J.W. further argues that several recognized exceptions to mootness apply and that the court should nevertheless address the merits of his contentions.

¶19 This court may decide to address an otherwise moot issue if the issue (1) is of great public importance; (2) involves the constitutionality of a statute; (3) occurs so frequently that a definitive decision is necessary to guide circuit courts; (4) is likely to arise again and a decision of the court would alleviate uncertainty; or (5) will likely be repeated, but evades appellate review because the appellate review process cannot be completed or even undertaken in time to have a practical effect on the parties. Id., ¶12; Winnebago County v. Christopher S., 2016 WI 1, ¶32, 366 Wis. 2d 1, 878 N.W.2d 109.

¶20 Assuming without deciding that this case is moot, applicable mootness exceptions indicate that we should address the merits.[2] First, this case presents an issue that is of great public importance, particularly to members of the public subject to commitments. Second, the issue is capable of repetition yet evades review due to the short timelines that attend ch. 51 commitment proceedings.[3] See Christopher S., 366 Wis. 2d 1, ¶32

---

[2] Because mootness exceptions apply that allow us to reach the merits of E.J.W.'s argument, we need not address his contention that collateral consequences of his commitment render the issue not moot.

[3] In Portage County v. J.W.K., 2019 WI 54, 386 Wis. 2d 672, 927 N.W.2d 509, the court determined that no mootness exceptions applied. J.W.K. raised a fact-specific sufficiency of the evidence challenge unlikely to have any impact outside the bounds of the factual circumstances of that case. Id., ¶30. In contrast, here E.J.W. raises a legal question regarding the interpretation of Wis. Stat. § 51.20(11)(a) that will affect mental health commitment proceedings across the state.

(citing <u>Outagamie County v. Melanie L.</u>, 2013 WI 67, ¶80, 349 Wis. 2d 148, 833 N.W.2d 607) (concluding that an otherwise moot issue should be addressed due to its likelihood of evading appellate review where "the order[s] appealed from will have expired before an appeal is completed"). Accordingly, mootness does not serve as an obstacle to our review of the merits of the issue raised in E.J.W.'s petition for review.

B

¶21 Having determined that at least one exception to mootness applies, we turn next to address the merits of E.J.W.'s argument.

¶22 Wisconsin Stat. § 51.20(11)(a) "confers upon individuals facing civil commitment a right to a jury trial." <u>S.B. v. Racine County</u>, 138 Wis. 2d 409, 413, 406 N.W.2d 408 (1987). It further sets the parameters and requirements for jury trials in ch. 51 mental health commitment cases.

¶23 Section 51.20(11)(a) provides in relevant part:[4]

---

[4] In full, Wis. Stat. § 51.20(11)(a) provides:

If before involuntary commitment a jury is demanded by the individual against whom a petition has been filed under sub. (1) or by the individual's counsel if the individual does not object, the court shall direct that a jury of 6 people be selected to determine if the allegations specified in sub. (1)(a) or (ar) are true. A jury trial is deemed waived unless demanded at least 48 hours in advance of the time set for final hearing, if notice of that time has been previously provided to the subject individual or his or her counsel. If a jury trial demand is filed within 5 days of detention, the final hearing shall be held within 14 days of detention. If a jury trial demand is filed later than 5 days after detention, the final

8

> If before involuntary commitment a jury is demanded by the individual against whom a petition has been filed under sub. (1) or by the individual's counsel if the individual does not object, the court shall direct that a jury of 6 people be selected to determine if the allegations specified in sub. (1)(a) or (ar) are true. A jury trial is deemed waived unless demanded at least 48 hours in advance of the time set for final hearing, if notice of that time has been previously provided to the subject individual or his or her counsel.

¶24 Our analysis in this case centers on the meaning of the statutory phrase, "time set for final hearing."[5] E.J.W. argues that the adjournment of a final hearing resets the 48-hour deadline for filing a jury demand. In other words, he contends that the phrase "time set for final hearing" does not mean "first time set for the final hearing" and that the March 12 date was a "time set for final hearing" just as much as the March 5 date was.

---

> hearing shall be held within 14 days of the date of demand. If an inmate of a state prison, county jail or house of correction demands a jury trial within 5 days after the probable cause hearing, the final hearing shall be held within 28 days of the probable cause hearing. If an inmate of a state prison, county jail or house of correction demands a jury trial later than 5 days after the probable cause hearing, the final hearing shall be held within 28 days of the date of demand.

[5] Although we focus on the "time set for final hearing" language, we observe also that Wis. Stat. § 51.20(11)(a) contains conditional language as follows: "if notice of that time has been previously provided to the subject individual or his or her counsel." There was no argument presented that improper notice was given for the rescheduled hearing in this case.

9

¶25 On the other hand, the County asserts that 1:15 p.m. on March 5 was the only "time set for final hearing" to which the statute refers. It contends that once 48 hours before that time passed without a jury demand, no rescheduled hearing date could "revive" E.J.W.'s waived right to a jury trial. In the County's view, E.J.W. is asking the court to rewrite "time set for final hearing" as "time the final hearing is held." The County further argues that E.J.W.'s interpretation creates an opportunity for manipulation and delay of final hearings, which would cause the County to have to reschedule witnesses on short notice.[6]

¶26 In evaluating the parties' competing arguments, we begin by examining the language of the statute. State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is plain, we need not inquire further. Id.

¶27 "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id. We also interpret statutory

---

[6] The dissent begins with a recitation of "what is not disputed in this case." Dissent, ¶43. It observes that E.J.W. is not challenging that he was mentally ill or a proper subject for commitment. Id. True enough. But whatever the ultimate result, the process by which a commitment is obtained matters. See Langlade County v. D.J.W., 2020 WI 41, ¶43, 391 Wis. 2d 231, 942 N.W.2d 277 ("With such an important liberty interest at stake, the accompanying protections should mirror the serious nature of the proceeding.")

10

language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id., ¶46.

¶28 At first blush, both parties' interpretations may appear reasonable, but guided by the above principles, we agree with E.J.W.'s reading of the statute. Beginning with an examination of the language of Wis. Stat. § 51.20(11)(a), there is no restriction in the phrase "time set for final hearing" that limits its meaning to the first time set for the final hearing. Here, there were two final hearings set and both had a "time set for final hearing." The first scheduled final hearing was adjourned and rescheduled, which simply means there was a new "time set for final hearing."

¶29 E.J.W.'s interpretation also fits in with the context of Wis. Stat. § 51.20(11)(a) and ch. 51 as a whole. See State v. Williams, 2014 WI 64, ¶17, 355 Wis. 2d 581, 852 N.W.2d 467 ("In determining a statute's plain meaning, the scope, context, structure, and purpose are important."). Wisconsin Stat. § 51.20(11)(a)'s context in the statutory scheme indicates that the legislature has determined that a minimum of 48 hours' notice is sufficient for the circuit court to secure the presence of jurors and the County to prepare for a jury trial in a mental health commitment case. Had a timely jury demand been filed prior to the March 5 time set for hearing, the circuit court and County would have had at least 48 hours' notice to secure a jury and prepare. With the jury demand timely filed

11

before the March 12 time set for hearing, the circuit court and County likewise received at least 48 hours' notice. There is no additional hardship placed on the circuit court and no prejudice to the County in accepting the jury demand for the rescheduled hearing because in both cases the minimum advance notice they would receive is exactly the same.

¶30 Further, E.J.W.'s reading is more in line with the larger context of ch. 51. Both the statutes and case law recognize the significant liberty interests at stake in a ch. 51 proceeding. See Wis. Stat. § 51.001; Langlade County v. D.J.W., 2020 WI 41, ¶¶42-43, 391 Wis. 2d 231, 942 N.W.2d 277.

¶31 As such, ch. 51 contains many provisions designed to offer procedural and substantive protections to the person subject to commitment. See State ex rel. Watts v. Combined Cmty. Servs. Bd. of Milwaukee Cnty., 122 Wis. 2d 65, 91, 362 N.W.2d 104 (1985) (referring to the "procedural protections" afforded by Wis. Stat. §§ 51.15 and 51.20). For example, "manifest in the language of Wis. Stat. § 51.20(1)(am)" is the requirement that the circuit court make specific factual findings tied to a standard of dangerousness. D.J.W., 391 Wis. 2d 231, ¶¶40-41. This requirement "provides increased protection to patients to ensure that recommitments are based on sufficient evidence." Id., ¶43. Likewise, the purpose of the time limit in Wis. Stat. § 51.20(7)(a) "is to prevent individuals from being detained any longer than necessary before holding a hearing to determine probable cause." Dodge County v. Ryan E.M., 2002 WI App 71, ¶11, 252 Wis. 2d 490, 642 N.W.2d 592.

12

¶32 It is consistent with these provisions to read Wis. Stat. § 51.20(11)(a) as providing another such protection to a person subject to commitment——the protection of a jury trial.[7] The County's reading would restrict jury trials, contrary to ch. 51's contextually manifest purpose to afford due process protections including jury trials. See Wis. Indus. Energy Grp., Inc. v. Pub. Serv. Comm'n, 2012 WI 89, ¶15, 342 Wis. 2d 576, 819 N.W.2d 240 (setting forth the principle that "courts will favor an interpretation of statutory language that fulfills the statute's purpose").

¶33 The County's concerns about potential manipulation do not alter our conclusion. Specifically, the County argues that E.J.W.'s position would allow individuals to manipulate timelines and delay final hearings, risking the unavailability of witnesses at hearings that are rescheduled on short notice.

¶34 However, the County's argument ignores the fact that any adjournment request must go through the circuit court. See Wis. Stat. § 51.20(10)(e) (setting forth that "[a]t the request of the subject individual or his or her counsel the final hearing under par. (c) may be postponed" no more than seven calendar days (emphasis added)). Whether to grant or deny an adjournment is a decision left to the circuit court's discretion. State v. Leighton, 2000 WI App 156, ¶27, 237

---

[7] The importance of a jury trial in the mental health commitment context is evidenced by the fact that a commitment order can be temporarily extended up to 14 days to accommodate a jury demand. See G.O.T. v. Rock County, 151 Wis. 2d 629, 633-34, 445 N.W.2d 697 (Ct. App. 1989).

13

Wis. 2d 709, 616 N.W.2d 126; see also State ex rel. Collins v. Am. Fam. Mut. Ins. Co., 153 Wis. 2d 477, 483, 451 N.W.2d 429 (1990) ("Circuit courts possess inherent discretionary authority to control their dockets with economy of time and effort.").

¶35  When faced with a motion for adjournment, the circuit court may evaluate the circumstances under which an adjournment is sought and make its own determination as to whether a person subject to commitment is attempting to manipulate the system and, if so, it may deny the motion.  If witnesses are scheduled to come in on a certain day and a jury demand has not been filed, the circuit court has discretion to deny the adjournment and proceed in the name of convenience to the County and its witnesses.  In other words, if the County is prejudiced by an adjournment, it is free to argue that on a case by case basis.[8]

---

[8] The dissent raises the specter that this decision will cause ch. 51 proceedings to be "delayed for weeks at a time, administrative schedules could be turned upside down, a not insignificant amount of judicial resources could be expended, and an individual may be unnecessarily kept in detention for a longer period of time."  Dissent, ¶61.  This argument ignores the additional statutory deadline as set forth in the latter half of Wis. Stat. § 51.20(11)(a), which counters the dissent's speculative consequences.

¶36 Thus, we conclude that E.J.W.'s jury demand was timely. Wisconsin Stat. § 51.20(11)(a) does not limit the filing of a jury demand to only the first time that a final hearing is set. Rather, we determine that when a final hearing is rescheduled, § 51.20(11)(a) allows a jury demand to be filed up until 48 hours prior to a rescheduled final hearing. Consequently, the recommitment at the center of this case must be vacated.

¶37 We recognize that our conclusion is at odds with the court of appeals' determination in R.J.O., 392 Wis. 2d 157. In R.J.O., the court of appeals addressed a similar situation where a scheduled final hearing was adjourned and rescheduled. No jury demand was filed at least 48 hours prior to the first time set for the final hearing, but counsel filed two jury demands at least 48 hours before the time set for the rescheduled hearing. Id., ¶¶39-40.

¶38 The court of appeals rejected R.J.O.'s argument that her jury demands were timely. It concluded that Wis. Stat.

_____

Specifically, "If a jury demand is filed later than 5 days after detention, the final hearing shall be held within 14 days of the date of demand." Wis. Stat. § 51.20(11)(a). This subsection "necessarily implies that a commitment is extended to accommodate a demand for a jury trial, as long as the final hearing and jury trial are held within fourteen days of the demand. Without the implied extension, the demand for a jury frequently could not be accommodated." G.O.T., 151 Wis. 2d at 634. Due to this statutory constraint, even where a jury trial is demanded in advance of a rescheduled final hearing, the maximum "delay" is 14 days from the date of the demand. But see Wis. Stat. § 51.20(11)(a) (setting forth a 28-day timeframe for incarcerated individuals).

15

§ 51.20(11)(a) "requires a subject individual to request a jury trial at least forty-eight hours before 'the time set for final hearing,' not at least forty-eight hours before the final hearing actually occurs."  Id., ¶41.  The court of appeals reached this conclusion without engaging in the statutory analysis we conduct above, and it accordingly arrived at an erroneous conclusion.  We therefore overrule the R.J.O. court's conclusion as reflected in paragraphs 38 through 41 of that opinion.[9]

¶39 In sum, we conclude that E.J.W.'s jury demand was timely.  Wisconsin Stat. § 51.20(11)(a) does not limit the filing of a jury demand to only the first time that a final hearing is set.  Rather, we determine that when a final hearing is rescheduled, § 51.20(11)(a) allows a jury demand to be filed up until 48 hours prior to a rescheduled final hearing.

---

[9] Generally, "when the supreme court overrules a court of appeals decision, the court of appeals decision no longer possesses any precedential value, unless this court expressly states otherwise."  Blum v. 1st Auto & Cas. Ins. Co., 2010 WI 78, ¶42, 326 Wis. 2d 729, 786 N.W.2d 78.  To be clear, we are expressly stating otherwise, and overrule the R.J.O. court's conclusion in paragraphs 38 through 41 only.  See Marathon County v. R.J.O., 2020 WI App 20, ¶¶38-41, 392 Wis. 2d 157, 943 N.W.2d 898.  We do not disturb its determinations on any other issues before the court in that case, including the central holding that "R.J.O. received proper notice of the recommitment hearing because the requisite notice was provided to her attorney."  Id., ¶3.

¶40 Accordingly, we reverse the decision of the court of appeals.[10]

*By the Court.*—The decision of the court of appeals is reversed.

---

[10] We simply reverse the decision of the court of appeals rather than remanding for a jury trial because the specific recommitment at issue in this case has expired and accordingly the circuit court has lost competency to act. See G.O.T., 151 Wis. 2d at 631 (determining that person subject to commitment extension was entitled to jury trial but that the circuit court lost competency by failing to hear and decide the petition before the commitment had expired and that as a result the petition should be dismissed); J.W.K., 386 Wis. 2d 672, ¶20 (explaining that "[t]he circuit court must hold a hearing on the petition for extension before the previous order expires or it loses competency to extend the commitment"). This determination does not affect the validity of any subsequent extensions of commitment. J.W.K., 386 Wis. 2d 672, ¶21 (setting forth that the reversal of a commitment order "does not retroactively deprive the circuit court that issued a subsequent commitment order of competency").

¶41 ANNETTE KINGSLAND ZIEGLER, C.J. *(dissenting).* The majority in this case has replaced a clear jury waiver standard in chapter 51 commitment proceedings with a shifting and unpredictable rule. Because this departure from sound judicial administration is not supported by the plain text of Wis. Stat. § 51.20(11)(a), I respectfully dissent.

¶42 In February and March 2019, E.J.W. was subject to a mental health recommitment proceeding under Wis. Stat. ch. 51. After several notices, his final recommitment hearing was set for March 5, 2019. E.J.W. did not file a jury demand by March 3, 2019, 48 hours prior to the hearing, and under Wis. Stat. § 51.20(11)(a), his right to a jury trial was "deemed waived."

I

¶43 Before discussing the merits, it's worth noting what is not disputed in this case. First, neither E.J.W. nor the majority dispute that E.J.W. was mentally ill at the time of the recommitment hearing in March 2019. Outside E.J.W.'s right to a jury, no one disputes that he was a proper subject for commitment under chapter 51. See Langlade Cnty. v. D.J.W., 2020 WI 41, ¶29, 391 Wis. 2d 231, 942 N.W.2d 277 (citing Wis. Stat. § 51.20(1)(a)1.-2.) ("For a person to be subject to a chapter 51 involuntary commitment, three elements must be fulfilled: the subject individual must be (1) mentally ill; (2) a proper subject for treatment; and (3) dangerous to themselves or others."); Kriesel v. Kriesel, 35 Wis. 2d 134, 139, 150 N.W.2d 416 (1967) (citation omitted) ("A judgment rendered by a

court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect of its validity, verity, or binding effect . . . ."). Qualification for commitment under chapter 51 could have been challenged by E.J.W. at the circuit and appellate court levels, but E.J.W. chose not to pursue that claim. There is no indication under law or fact that E.J.W. was improperly placed into compelled mental health treatment.

¶44 Second, this case does not present claims of ineffective assistance of counsel.[1] The majority accurately cites the allegations E.J.W. made at the final hearing scheduled for March 5, 2019. E.J.W. alleged that he gave his attorney his phone number and the attorney "never called [him] and [E.J.W. and his attorney] never prepped." According to E.J.W., his attorney was "unprepared for court."

¶45 Such allegations, and their potential implication for fundamental fairness, due process, and E.J.W.'s right to counsel, have no relevance to the issues in this case. E.J.W. has not presented a legal claim that his counsel was incompetent or constitutionally deficient. Further, E.J.W.'s counsel has never been given the opportunity to respond and defend his professional performance; there was never a need for the County

---

[1] The court of appeals noted this fact but it is conspicuously missing from the majority decision. See Waukesha Cnty. v. E.J.W., No. 2020AP370, unpublished slip op., ¶11 (Wis. Ct. App. Nov. 4, 2020).

2

to investigate and produce evidence contradicting E.J.W.'s allegations.

¶46 Third, this case does not involve a legal challenge to the chapter 51 jury demand deadline established under Wis. Stat. § 51.20(11)(a). E.J.W. does not argue, nor does the majority contend, that requiring potential committees to file a jury demand by a given time violates any right established under Wisconsin or federal law. All parties agree that some deadline for chapter 51 is appropriate and that E.J.W. had an obligation to file a jury demand or have it deemed waived.

¶47 Thus, the only question under Wis. Stat. § 51.20(11)(a) presented to the court is procedural: at what time and date was E.J.W.'s deadline to submit a jury demand or have it deemed waived?[2] Section 51.20(11)(a) provides a straightforward and rational answer: "[A]t least 48 hours in advance of the time set for final hearing . . . ."

II

¶48 There is no dispute that the County and circuit court provided E.J.W. and his attorney several notices of the recommitment hearing date and time. On February 7, 2019, the circuit court notified E.J.W. in a letter that his extension of commitment hearing was scheduled for "Tuesday, March 5, 2019 at 1:15 p.m." The next day, on February 8, 2019, the circuit court issued an order appointing E.J.W.'s counsel. The order again stated that the hearing was set for March 5, 2019, at 1:15 p.m.

---

[2] As the majority explains in a footnote, "the process by which a commitment is obtained matters." Majority op., ¶25 n.6.

3

Finally, on February 18, 2019, 15 days prior to the final hearing, both E.J.W. and the Office of the State Public Defender were provided a list of witnesses the County intended to call. The notice also stated that the recommitment hearing would take place "on Tuesday, March 5, 2019."

¶49 It is apparent that the defense was made well aware of the date and time of final hearing. Predictably, the circuit court opened E.J.W.'s recommitment proceedings at or around 1:15 p.m. on March 5, 2019.

¶50 Under Wis. Stat. § 51.20(11)(a), "the time set for final hearing" was March 5, 2019, at 1:15 p.m. E.J.W., as represented by counsel, had the obligation to file a jury demand "48 hours in advance" of that time. § 51.20(11)(a). Indisputably, E.J.W. did not do so. Instead, he arrived at the hearing and directed his attorney to make an oral motion to withdraw. With minimal inquiry and no dispute from the County, the circuit court granted the request for withdrawal. After the withdrawal was granted, the instant dispute over E.J.W.'s jury demand deadline began.

¶51 "[S]tatutory interpretation begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations and quotations omitted). In addition, "statutory

4

language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id., ¶46.

¶52 Wisconsin Stat. § 51.20(11)(a) states: "A jury trial is deemed waived unless demanded at least 48 hours in advance of the time set for final hearing, if notice of that time has been previously provided to the subject individual or his or her counsel." The statute required E.J.W. to file a jury demand 48 hours prior to "the time set for final hearing." "The" is defined as "denoting one of a class of persons, things, events," while "set" is defined as "[t]o put . . . in a definite place" and "fix." The, Oxford English Dictionary (2021); Set, Oxford English Dictionary (2021). Thus, under a plain reading of the statute, chapter 51 jury demands must be made 48 hours prior to the individual time fixed by the circuit court. The facts in this case indisputably show that the circuit court set March 5, 2019, at 1:15 p.m. as the time of E.J.W.'s final recommitment hearing. E.J.W. knew the time of his final hearing, he did not file a jury demand, and, therefore, he waived his right to a jury.

¶53 Simply because, in its discretion, the circuit court allowed E.J.W.'s counsel to withdraw and provided E.J.W. with additional time to consult with his new attorney, does not mean that E.J.W.'s waiver did not take place on March 3. See State v. Robinson, 145 Wis. 2d 273, 278, 426 N.W.2d 606 (1988) ("The question of whether an appointed counsel should be relieved and

5

another appointed in his place is a matter of trial court discretion."); Wis. Stat. § 51.20(10)(e) (emphasis added) ("At the request of [the individual potentially subject to commitment] or his or her counsel the final hearing . . . may be postponed."). By the time the court proceedings began on March 5, 2019, the jury demand deadline had already passed, and E.J.W.'s right to demand a jury was under statute "deemed waived." § 51.20(11)(a).

¶54 The majority asserts that requiring E.J.W. to submit a jury demand 48 hours prior to the time set for final hearing imputes the additional statutory language: "48 hours in advance of the first time set for final hearing." See majority op., ¶2. In this case, the addition of "first" would be entirely unnecessary. It is undisputed that the circuit court set March 5, 2019, at 1:15 p.m. as the time of the final hearing, E.J.W. did not file a jury demand ahead of that deadline, and court was called on March 5, 2019, only to have E.J.W. request an adjournment. The deadline passed, and E.J.W.'s jury right was permanently waived. Further, Wis. Stat. § 51.20(11)(a) also does not state "48 hours in advance of the first and rescheduled time set for final hearing." See majority op., ¶3.

¶55 More significantly, the legislature intentionally chose "the time set" for hearing as the statutory deadline, not the hearing itself. In numerous other statutory contexts, the legislature has chosen to set jury demand deadlines based on the occurrence of an event or hearing. See Wis. Stat. § 805.01(2) (stating that, in civil cases, a jury demand must be made "at or

6

before the scheduling conference or pretrial conference, whichever is held first"); Wis. Stat. §§ 48.422(4), 48.31(2) (establishing that a party to a termination of parental rights proceeding must file a jury demand "before the end of the initial hearing"); Wis. Stat. § 980.05(2) (stating that a jury demand in a sexually violent person commitment proceeding must be submitted "within 10 days after the probable cause hearing"). The legislature deliberately drafted § 51.20(11)(a), and we must give effect to the statute's plain meaning. See Augsburger v. Homestead Mut. Ins. Co., 2014 WI 133, ¶17, 359 Wis. 2d 385, 856 N.W.2d 874 (citation omitted) ("When the legislature chooses to use two different words, we generally consider each separately and presume that different words have different meanings."); Kalal, 271 Wis. 2d 633, ¶44 ("We assume that the legislature's intent is expressed in the statutory language.").

¶56 The plain reading of Wis. Stat. § 51.20 has been consistently applied by the court of appeals. See Marathon Cnty. v. R.J.O., 2020 WI App 20, ¶41, 392 Wis. 2d 157, 943 N.W.2d 898 ("Wisconsin Stat. § 51.20(11)(a) requires a subject individual to request a jury trial at least forty-eight hours before 'the time set for final hearing,' not at least forty-eight hours before the final hearing actually occurs."); Waukesha Cnty. v. E.J.W., No. 2020AP370, unpublished slip op., ¶11 (Wis. Ct. App. Nov. 4, 2020) ("[W]e see no basis in [§ 51.20] for concluding that an extension excuses the failure to timely file a jury demand before the 'time set for the final hearing.'"); Waukesha Cnty. v. M.J.S., No. 2021AP105-FT,

unpublished slip op., ¶¶9, 11 (Wis. Ct. App. Jul. 28, 2021) (holding that the "time set" under § 51.20(11)(a) means the time at which the hearing is "set," not the time at which the hearing is "held," and reasoning that, because chapter 51 proceedings have "strict procedural guideline[s]," allowing an adjournment to delay a jury trial demand "would neuter the strict statutory time limits our legislature has imposed").

¶57 The requirement that individuals file a jury demand 48 hours prior to the scheduled time of final hearing, not merely by requesting an adjournment, M.J.S., No. 2021AP105, ¶2, by lodging an oral motion at the hearing to replace appointed counsel, or by flagrant absenteeism, R.J.O., 392 Wis. 2d 157, ¶7, provided consistency and predictability to all those involved. It allowed circuit courts to adequately schedule and manage resources, confident that a final jury demand deadline meant a final demand deadline. And the standard provided both the government and individuals potentially subject to commitment with a clear and final deadline. Furthermore, the standard ensured that chapter 51 proceedings were handled quickly and efficiently. Given the "significant liberty interest" at play in chapter 51 proceedings, the swift disposition of chapter 51 proceedings ultimately inured to the benefit of the individuals potentially subject to commitment. Marathon Cnty. v. D.K., 2020 WI 8, ¶28, 390 Wis. 2d 50, 937 N.W.2d 901; see Jefferson Cnty. v. S.M.S., No. 2020AP814, unpublished slip op., ¶11 (Wis. Ct. App. Mar. 11, 2021) (citing Dodge Cnty. v. Ryan E.M., 2002 WI App 71, 252 Wis. 2d 490, 642 N.W.2d 592) ("The reason for strict

8

time limits is to protect the significant liberty interests at stake when an individual is detained for mental health treatment.").

¶58 The majority's decision now leaves chapter 51 proceedings in uncharted waters. It holds that, despite E.J.W.'s right to a jury trial having been "deemed waived" on March 3, his jury trial rights were revived through an adjournment on March 5. Neither E.J.W. nor the majority dispute that if the recommitment hearing had been completed on March 5, 2019, as intended, E.J.W. would have had no right to a jury. Just as Schrödinger's cat was both alive and dead, when court was called on March 5, 2019, E.J.W.'s right to jury trial was at the same time viable and waived. It was waived under the plain text of Wis. Stat. § 51.20(11)(a) but according to the majority opinion, it remained potentially alive, if the individual at issue obtains an adjournment before the final hearing occurs.

¶59 Yet "waiver," under the plain language of Wis. Stat. § 51.20(11)(a), is not conditional or subject to revocation. It is a final extinguishment of a right. See Brunton v. Credit Corp., 2010 WI 50, ¶35, 325 Wis. 2d 135, 785 N.W.2d 302 (defining waiver in terms of a "relinquishment or abandonment"); State v. Ndina, 2009 WI 21, ¶31, 315 Wis. 2d 653, 761 N.W.2d 612 (describing a waived right as "lost"); Waiver, Black's Law Dictionary (11th ed. 2019) (stating that waiver is a "relinquishment or abandonment — express or implied — of a legal right or advantage"); 31 C.J.S., Estoppel and Waiver § 93 (2021) (footnotes omitted) ("A waiver when once made cannot be

9

recalled, revived, expunged, or revoked, nor can the right waived be reclaimed, at least not without the consent of the adversary."); 28 Am. Jur. 2d Estoppel and Waiver § 186 (2021) (footnote omitted) ("It is well settled that a waiver once made is irrevocable even in the absence of consideration or of any change in position of the party in whose favor the waiver operates."); United State v. Sumner, 265 F.3d 532, 537 (7th Cir. 2001) ("Waiver extinguishes [an] error and precludes appellate review."). The majority does not cite a single case where a statutorily mandated waiver has occurred, and a party "revived" its rights through actions completely distinct from the original waiver.[3]

¶60 This legal reality only emphasizes the error of the majority's decision. If an individual subject to chapter 51 commitment hearings lets the 48-hour deadline expire, but he for some reason wishes to re-exercise his right to a jury, he can do so by obtaining an adjournment. The majority suggests that abuse will be easy to police because the circuit court can deny adjournment requests that are made to "manipulate the system." But this theory implicitly assumes that most requests for adjournment or for attorney substitution will be facially inadequate. What is a circuit court to do if the individual subject to the chapter 51 proceedings asserts that he cannot attend the hearing due to mental health concerns and requests a

---

[3] It is noteworthy that the majority neither analyzes nor discusses the significance of the term "deemed waived" in Wis. Stat. § 51.20(11)(a), even though waiver is central to this dispute.

10

short adjournment? What if there is a breakdown of the attorney-client relationship, potentially begun by an individual not calling his attorney for weeks at a time? What if the individual's attorney states that he needs to be more fully prepared and discuss significant legal issues with his client? All these events can realistically occur and, if need be, can be utilized to revive a jury trial right that already has been "deemed waived." Wis. Stat. § 51.20(11)(a). In many cases, the circuit court would be hard pressed to deny the motions to adjourn. It strains credulity that manipulative intent can be, in the real world, detected easily and resolved quickly without risking reversal on appeal.

¶61 In the past, while there were limits to adjournments in chapter 51 proceedings, the consequences for giving the parties a little more time was minimal. See Wis. Stat. § 51.20(10)(e) (permitting postponement of a final hearing for at most seven calendar days). Now circuit courts are faced with the prospect that, if more time is given, the potential committee could revive his jury trial right. Proceedings could be delayed for weeks at a time, administrative schedules could be turned upside down, a not insignificant amount of judicial resources could be expended, and an individual may be

11

unnecessarily kept in detention for a longer period of time.[4] Circuit courts rationally may not be as willing to entertain motions to adjourn or motions for withdrawal of counsel.[5] Circuit courts have substantial discretion over the administration of their proceedings. See Hefty v. Strickhouser, 2008 WI 96, ¶¶29, 31, 312 Wis. 2d 530, 752 N.W.2d 820 (noting that a circuit court's "discretion to manage the court's calendar" is of "critical importance" and is "inherent to [the circuit court's] function"). It is certainly possible that chapter 51 litigants will now face courts less flexible and tolerant in their scheduling.

¶62 When drafting Wis. Stat. § 51.20(11)(a), the legislature was wise not to create perverse incentives that may

---

[4] The majority implies in a footnote that the monetary costs and administrative challenges of a jury trial are "speculative." Majority op., ¶35 n.8. Circuit court judges, balancing at times extraordinary caseloads, and chapter 51 practitioners may disagree with that contention. To the extent the majority implies that keeping individuals detained without formal adjudication for multiple weeks is inconsequential, respectfully, the majority should consider its own statements on the liberty interests implicated in chapter 51 proceedings. See id., ¶25 n.6, ¶30 (noting the "important liberty interests at stake" (quoting Langlade Cnty. v. D.J.W., 2020 WI 41, ¶43, 391 Wis. 2d 231, 942 N.W.2d 277)).

[5] If the subject individual simply refuses to attend the hearing, as occurred in Marathon Cnty. v. R.J.O., 2020 WI App 20, 392 Wis. 2d 157, 943 N.W.2d 898, the circuit court has the option of rescheduling the hearing under Wis. Stat. § 51.20(10)(d) or entering a default judgment without further proceedings. See Waukesha Cnty. v. S.L.L., 2019 WI 66, ¶43, 387 Wis. 2d 333, 929 N.W.2d 140. Presumably, individuals participating in chapter 51 proceedings would prefer not having their case decided in abstentia. However, after the decision in this case, circuit courts may think differently.

increase the number of unnecessary motions and decrease court approval of meritorious motions.  Now that the court has moved away from the plain meaning of § 51.20(11)(a), only time will tell how these perverse incentives will play out in future chapter 51 litigation.

¶63 The majority mentions statutory context.  It cites a perceived purpose in chapter 51 proceedings to "offer procedural and substantive protections to the person subject to commitment."  Majority op., ¶31.  However, laws often exhibit more than one purpose.  See, e.g., Shands v. Castrovinci, 115 Wis. 2d 352, 357-59, 340 N.W.2d 506 (1983) (describing five purposes of a tenant-landlord law); Force ex rel. Welcenbach v. Am. Family Mut. Ins. Co., 2014 WI 82, ¶57, 356 Wis. 2d 582, 850 N.W.2d 866 (stating that Wisconsin's wrongful death statute has two purposes).  Like legislative history, considerations of purpose, even if it is in some ways tied to statutory text, may have "a tendency to become . . . an exercise in looking over a crowd and picking out your friends."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 568 (2005) (quotations omitted); see also Rodriguez v. United States, 480 U.S. 522, 525-26 (1987) ("But no legislation pursues its purposes at all costs.  Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice . . . .").

¶64 Of course, the driving purpose of commitment is to provide needed medical help to the "mentally ill . . . drug dependent [and] developmentally disabled."  Wis. Stat.

13

§ 51.20(1)(a)1. At its core, chapter 51 is also designed to protect individuals from "physical harm to [themselves]" and to prevent "physical harm to other individuals." § 51.20(1)(a)2.a.-b. While protecting the liberty interest of the wrongly accused is of great importance, chapter 51 commitment proceedings undoubtedly protect the safety and health of thousands throughout Wisconsin. The quick and efficient adjudication of mental health commitments ensures dangerous individuals, in need of treatment, are not left to face the world on their own devices.

¶65 Further, Wis. Stat. § 51.20 is littered with deadlines and tight timelines. For example, if an individual is detained pending resolution of a chapter 51 case, an initial probable cause hearing must take place "within 72 hours after the individual is taken into custody." § 51.20(7)(a). Although the individual can request an extension, presumably only for his best interest, "the postponement [cannot] exceed 7 days from the date of detention." Id. After a probable cause hearing, the circuit court must schedule the final hearing "within 14 days from the time of detention of the subject individual." § 51.20(7)(c). The final hearing may be postponed "[a]t the request of the subject individual," but for no more than "7 calendar days." § 51.20(10)(e). Furthermore, in cases of recommitment, "[t]he circuit court must hold a hearing on the petition for extension before the previous order expires or it loses competency to extend the commitment." Portage Cnty. v. J.W.K., 2019 WI 54, ¶20, 386 Wis. 2d 672, 927 N.W.2d 509.

14

¶66 These "strict procedural guidelines" vindicate the personal liberties of individuals by ensuring an expedited adjudication process; individuals are confined pending adjudication for as little time as possible. Milwaukee Cnty. v. Louise M., 205 Wis. 2d 162, 171, 555 N.W.2d 807 (1996). The sound and efficient administration of justice is a clear purpose of chapter 51. The majority, by rejecting a clear jury demand deadline, and thereby inviting delays and potential abuse, has undermined this purpose.

¶67 Ultimately, while "[a] plain meaning, text-based approach to statutory interpretation certainly does not prohibit the interpretation of a statute in light of its textually manifest scope, context, or purpose," devised purpose cannot "subordinate[] the statutory text." Kalal, 271 Wis. 2d 633, ¶49 n.8. "If [the] process of analysis yields a plain, clear statutory meaning, . . . the statute is applied according to this ascertainment of its meaning." Id., ¶46. Wisconsin Stat. § 51.20(11)(a) sets the deadline for jury demands as "48 hours in advance of the time set for final hearing." E.J.W. did not submit a jury demand 48 hours ahead of the time set for his recommitment hearing, and his right to a jury trial was statutorily waived.

III

¶68 E.J.W. was provided a deadline to file a jury demand. Under Wis. Stat. § 51.20(11)(a), that deadline passed March 3, 2019, at 1:15 p.m., 48 hours prior to the time set for the final hearing. Instead of enforcing a straightforward application of

15

§ 51.20(11)(a), the majority has concluded that individuals subject to chapter 51 commitment proceedings can revive their waived rights to a jury trial.

¶69 In this decision, the majority has replaced a rational and clear deadline with a loose and ever shifting rule. This will reduce predictability for all those involved, and, likely, it will reduce the quality of judicial administration in our circuit courts. Because the majority's decision is not supported by the plain text of Wis. Stat. § 51.20(11)(a), I respectfully dissent.

¶70 I am authorized to state that Justices PATIENCE DRAKE ROGGENSACK and REBECCA GRASSL BRADLEY join this dissent.

16