COURT OF APPEALS
DECISION
DATED AND FILED

**January 6, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2025AP2231-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2024CF1589

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

L.M.P.,

      DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Dismissed*.

Before Colón, P.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Lauren appeals from an order of the circuit court authorizing the involuntary administration of medication to restore her to competency to stand trial under WIS. STAT. § 971.14 (2023-24).[1] Lauren argues that the State failed to prove all four factors set forth in *Sell v. United States*, 539 U.S. 166 (2003), by clear and convincing evidence. Specifically, Lauren argues that the State failed to prove that it had an important interest in prosecuting her, and that the court inadequately considered less intrusive alternatives to involuntary medication. In response, the State contends that this appeal is moot because Lauren is no longer subject to the involuntary medication order. Upon review, we conclude that this appeal is moot and Lauren has not shown that any of the exceptions to mootness apply; therefore, we dismiss this appeal.

## BACKGROUND

¶2 According to the criminal complaint, Lauren entered the Milwaukee Public Museum, remained in the museum until after it closed, and then used a bottle of olive oil to vandalize multiple exhibits. Damages were estimated at over $100,000. Lauren was arrested and charged with criminal damage to property in excess of $2,500, a Class I felony contrary to WIS. STAT. § 943.01(2)(d), and disorderly conduct, a Class B misdemeanor, contrary to WIS. STAT. § 947.01.

¶3 The circuit court found that Lauren was not competent to stand trial and, after initially referring her to the Outpatient Competency Restoration

---

[1] We use the pseudonym "Lauren" to refer to the defendant in this case for both ease of reading and to protect the confidentiality of the proceedings.

All references to the Wisconsin Statutes are to the 2023-24 version.

Program, remanded Lauren into custody for competency treatment at the Mendota Mental Health Institute ("Mendota").

¶4      The Department of Health Services ("DHS") moved the circuit court for an order to allow DHS to involuntarily medicate Lauren on the grounds that she was not competent to refuse medication.  DHS also submitted a treatment plan prepared by an inpatient psychiatrist at Mendota, Amanda Vastag, MD, with its motion.  The court held an evidentiary hearing, during which it heard testimony from Lauren and Dr. Vastag.

¶5      After hearing the testimony and the parties' arguments, the circuit court considered the *Sell* factors[2] and concluded that the State had proven them by clear and convincing evidence.  The court then ordered the involuntary administration of medication to restore Lauren to competency.  Shortly after the hearing, Lauren filed a notice of intent to pursue postdisposition relief with the circuit court which triggered an automatic stay of the order, *see* WIS. STAT. RULE 809.109(7)(a), and a motion to continue the stay pending postconviction proceedings and appeal with this court, which we granted.  Lauren now appeals the circuit court's order.

---

[2] The following are the four factors outlined in *Sell v. United States*, 539 U.S. 166 (2003), that must be proven before a circuit court may enter an order for involuntary medication: "(1) the government has an important interest in proceeding to trial; (2) involuntary medication will significantly further the governmental interest; (3) involuntary medication is necessary to further the governmental interest; and (4) involuntary medication is medically appropriate." *State v. Green*, 2021 WI App 18, ¶14, 396 Wis. 2d 658, 957 N.W.2d 583.

**DISCUSSION**

¶6      Before addressing the merits of Lauren's claims, we must first consider the threshold issue of whether Lauren's appeal should be dismissed as moot. "Appellate courts generally decline to reach moot issues, and if all issues on appeal are moot, the appeal should be dismissed." *Portage Cnty. v. J.W.K.*, 2019 WI 54, ¶12, 386 Wis. 2d 672, 927 N.W.2d 509. "An issue is moot when its resolution will have no practical effect on the underlying controversy." *Id.*, ¶11 (citation omitted). "Mootness is a question of law" which we review independently. *Id.*, ¶10.

¶7      There are exceptions to the mootness doctrine and if an issue is moot this court may still decide it if the issue is:

> (1) is of great public importance; (2) occurs so frequently that a definitive decision is necessary to guide circuit courts; (3) is likely to arise again and a decision of the court would alleviate uncertainty; or (4) will likely be repeated, but evades appellate review because the appellate review process cannot be completed or even undertaken in time to have a practical effect on the parties.

*Outagamie Cnty. v. Melanie L.*, 2013 WI 67, ¶80, 349 Wis. 2d 148, 833 N.W.2d 607 (citation omitted).

¶8      Both parties noted in their briefing that a competency hearing was scheduled in the circuit court while this appeal was pending, and addressed whether an exception to mootness would apply if Lauren was no longer subject to

4

the involuntary medication order. According to CCAP,[3] on November 24, 2025, the circuit court ordered Lauren's criminal case administratively closed and converted the matter to a civil commitment under WIS. STAT. ch. 51 because it found Lauren was not likely to regain the competency to stand trial within the statutory timeframe. *See* WIS. STAT. § 971.14(5). Thus, Lauren is no longer subject to the involuntary medication order and her appeal is moot.

¶9 Lauren raises two reasons for why we should nonetheless address the merits of her arguments. Lauren argues that her appeal raises issues that are likely to be repeated, but evade appellate review, and that the cost of preparing the treatment plan is a collateral consequence of the involuntary medication order that prevents her appeal from being moot. We disagree.

¶10 "The capable of repetition, yet evading review doctrine is limited to situations involving a reasonable expectation that the same complaining party would be subjected to the same action again." *J.W.K.*, 386 Wis. 2d 672, ¶30 (citation modified).

¶11 Lauren explains that because the State initially chose to pursue charges against her that it will likely want to do so again, and that it is possible for the State to reexamine Lauren's competency to resume the criminal proceedings against her after she is discharged from her civil commitment, such that there is a

---

[3] Wisconsin's CCAP ("Consolidated Court Automation Programs") is a case management system provided by the Wisconsin Circuit Court Access program, which "provides public access online to reports of activity in Wisconsin circuit courts[.]" *State v. Bonds*, 2006 WI 83, ¶6, 292 Wis. 2d 344, 717 N.W.2d 133. "The online website reflects information entered by court staff." *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522. We may take judicial notice of CCAP records. *See id.*; *see also* WIS. STAT. § 902.01.

reasonable expectation that this situation will arise again. *See State v. A.L.*, 2019 WI 20, ¶25, 385 Wis. 2d 612, 923 N.W.2d 827 (explaining that the circuit court maintains jurisdiction over the criminal charges independent of a defendant's civil commitment).

¶12 We do not agree that the mere possibility that the State could reexamine Lauren's competency in the future means that there is a reasonable expectation that the State will actually reexamine Lauren's competency, that Lauren will still be incompetent to stand trial but will also be able to be treated to competency within the statutory time period, that Lauren will refuse treatment, and that DHS will again move to involuntarily medicate Lauren to competency. Thus, we reject Lauren's argument.

¶13 Lauren also argues that the capable of repetition, yet evading review exception applies because this court in *J.D.B.* declined to apply the mootness doctrine due to the short timelines involved in competency cases and the importance of the rights and issues raised by the defendant. *See State v. J.D.B.*, 2024 WI App 61, ¶29, 414 Wis. 2d 108, 13 N.W.3d 525, *review granted*, 2025 WI 8, 18 N.W.3d 694. Lauren does not develop an argument for why the issues she raises are of similar importance to warrant review despite being moot. Furthermore, her arguments are fact-specific challenges to the circuit court's decision regarding the sufficiency of the evidence and the circuit court's alleged failure to consider a specific alternative to involuntary medication. *See Waukesha Cnty. v. E.J.W.*, 2021 WI 85, ¶20 n.3, 399 Wis. 2d 471, 966 N.W.2d 590 (stating that fact specific challenges are unlikely to have any impact outside the bounds of the factual circumstances of that case). Therefore we conclude that an exception to mootness does not apply here. *See J.W.K.*, 386 Wis. 2d 672, ¶30.

6

¶14   Finally, Lauren argues that the costs associated with the preparation of the treatment plan, that she will be liable for under WIS. STAT. § 46.10(2), constitute a collateral consequence of the involuntary medication order.  Appeals are not moot "when the direct or collateral consequences of the order persist and vacatur of that order would practically affect those consequences." *Sauk Cnty. v. S.A.M.*, 2022 WI 46, ¶19, 402 Wis. 2d 379, 975 N.W.2d 162.  Under § 46.10(2), "any person … receiving care, maintenance, services and supplies provided by any institution in this state … shall be liable for the cost of the care, maintenance, services and supplies[.]"

¶15   Lauren's argument is undeveloped.  Citing to WIS. STAT. § 46.10(2), Lauren simply concludes that she will be liable for the costs of preparing the treatment plan.[4]   However it is not clear that § 46.10(2) applies to the treatment plan, and Lauren fails to explain how the treatment plan qualifies as care, maintenance, services, or supplies that she received under the involuntary medication order pursuant to the statute.  *See also* WIS. ADMIN. CODE § DHS 1.02(9) (through November 2024) (defining "services").

¶16   The treatment plan is a document that was submitted alongside DHS's motion to seek permission from the circuit court to involuntarily provide care to Lauren.  As such, it contains information about the type of care DHS would like to provide and why Dr. Vastag believed it was necessary to provide it to Lauren involuntarily.  The involuntary medication order was stayed shortly after the court ordered it, and there is nothing in the record indicating that Lauren ever

---

[4] We note that there is no evidence in the record supporting that the treatment plan resulted in any additional costs to Lauren.

received the care detailed in the treatment plan under the involuntary medication order.

¶17    To the extent that Lauren's argument could be construed as an argument that costs associated with the examinations that yielded the information included in the treatment plan are collateral consequences of the involuntarily medication order, we note that Lauren was examined by medical professionals with the goal of restoring her to competency under the court's initial order for commitment for treatment at Mendota.  Lauren fails to identify the specific examinations she is referring to or develop an argument explaining why any potential costs of the examinations are collateral consequences of the subsequent order for involuntarily medication instead of the initial order for treatment. Therefore, we reject Lauren's argument as undeveloped.  *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (explaining that this court will not "serve as both advocate and judge" by developing arguments for the parties).

¶18    Because we conclude that the appeal is moot, we do not reach Lauren's arguments disputing whether the State proved the *Sell* factors by clear and convincing evidence.  *See J.W.K.*, 386 Wis. 2d 672, ¶11.

## CONCLUSION

¶19    For the foregoing reasons, this appeal is dismissed as moot.

*By the Court.*—Dismissed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.